# NEW-YORK COMMON PLEAS.

## Hector Courtois agt. L. F. Harrison, Treasurer of the Young Men's Democratic Union Club.

In proceedings supplementary to execution under § 294 of the Code, which does not limit the remedy to any county in which the debtor resides, and which requires no such jurisdictional fact to be shown, as required by § 292, there is no difficulty in complying with all the requisites of § 294, against a *corporation* or *joint stock association*, as well as against individuals. (*See Sherwood* agt. *Buffalo & N. Y. City Railroad Co.*, *ante, page* 136.)

Where judgment is recovered against a joint stock association, in the name of its treasurer, the treasurer individually, nor none of the other individual members of the association, can be proceeded against, under § 294, as defendants. But any one of them, who holds the property of the association, may be examined as to such property, whether named as an officer or not. The object is to ascertain the property of the association, and the examination should be confined to that limit. :

*General Term, April,* 1856.

A JUDGMENT was recovered in the marine court against the defendant as treasurer of the Young Men's Democratic Union Club, under the provisions of the statute allowing actions to be brought against the officers of joint stock associations. (*Sess. Laws of* 1849, *Chap.* 258.)

Supplementary proceedings were taken to examine a person having property of the judgment-debtor in his possession, under § 294 of the Code. Upon the return of the order, the judge before whom the order was returnable, discharged the order upon the ground that such proceedings could not be taken in an action against a corporation or joint stock association. The plaintiff appealed therefrom to the general term.

L. C. Pignolet, *for plaintiff.*
S. W. Cone, *for defendant.*

Ingraham, F. J. The plaintiff recovered against the defendants a judgment in the marine court under the statute of

1849, (*chap.* 258,) and filed a transcript with the county clerk. After issuing an execution, he commenced supplementary proceedings to enforce the payment thereof.

The order obtained was against L. F. Harrison, as a person having property in his possession of the judgment-debtors exceeding in value $10. On the return of the order, the judge at chambers, on defendants' motion discharged it, from which the plaintiff appeals.

There is no force in the objection, that the judge could not, on the papers, discharge the order. These orders are granted *ex parte*, and the first opportunity the defendant has to be heard is on the return of the order. If the affidavit, on which the order was granted, was insufficient, or for any cause the order was improvidently made, the judge ought to vacate it; and it is the right of the defendant to have such motion, under such circumstances, granted.

There may be some doubt whether the Young Men's Democratic Club is a joint stock company, or association, within the meaning of the statute. It can hardly be contended that every political association or committee is to be considered a joint stock association. But whether it is so or not, it is too late for the defendants in this proceeding to raise the objection. It should have been done on the trial, and if overruled there, the defendants should have appealed. Not having done so, the judgment on this proceeding is conclusive against them.

It is said, however, that the judge did so decide, and ordered judgment against the defendant Harrison, individually, and affidavits, with the judge's certificate to that effect, are submitted. The judge rightly disregarded these papers. If the judgment was erroneously entered up in the marine court, we cannot go behind that judgment and correct errors, which can only be done by that court. The defendant must apply to the marine court for relief.

The only question, therefore, that is of any importance on this appeal is, whether this proceeding can be resorted to upon a judgment recovered against a joint stock association under the statute of 1849.

It is settled, that if the judgment was against the corpora-
tion the remedy by supplementary proceedings is improper,
and that the plaintiff should resort to the remedy provided by
the Revised Statutes. (*Hinds* agt. *The Canandaigua & Niagara
Falls Railroad Co.*, 10 *How. Pr. R.* 487.)

The judgment in this case is not against any individuals. It
is against the club only, as a joint stock association. The
members of that club are not defendants, any more than stock-
holders in a corporation are defendants when the action is
brought against the corporation. They are not personally
liable, nor can their individual property be reached by such a
judgment. If it were otherwise, it would be a very unneces-
sary provision in the act to reserve to the plaintiff the right to
proceed against the individual members, as is prescribed in the
fourth section.

The insertion of the name of Treasurer, as defendant, does
not make him in any way responsible, but merely provides for
commencing the action in the same way as the free banking
statute directs, that actions may be commenced against the
president of the institution as such. In neither case does any
personal liability attach to the individual.

The order granted on this proceeding is under the 294th sec-
tion of the Code. That section does not limit the remedy to
any county in which the debtor resides; nor is it required that
it should appear in the affidavit that the execution has been
issued to the sheriff of such county. Such has been the con-
struction given to this section in the *People* agt. *Norton.*
(4 *Sand. S. C. R.* 640.)

The reasons assigned by the court why proceedings cannot
be taken under § 292 against a corporation, have no applica-
tion to § 294. The judge says, that § 292 " provides for the
order when the execution has been issued to the county where
the debtor resides, &c. This evidently refers to a judgment
against a natural person, who has or is capable of having a resi-
dence, &c." " A corporation, being a mere artificial being,
can have no residence, and this jurisdictional fact can never be
shown in the case of an execution against such a defendant."

Courtois agt. Harrison, Treasurer, &c.

In § 294 no such jurisdictional fact is necessary, and there is no difficulty in complying with all the requisites of that section against a corporation or joint stock association, as well as against individuals. The case is a stronger one also against joint stock associations, because the provisions of the Revised Statutes, as to the sequestration of the property, do not apply to any other bodies than corporations; and if this section is held to be inapplicable to such associations, there is no means of enforcing the payment of such judgment, except by execution.

It is said that Harrison, against whom the order was made, is a defendant, and therefore not subject to such an examination. I have already remarked that the individual members are not defendants, and cannot be proceeded against as such. Any one of them, who holds the property of the association, may, I think, be examined, whether named as an officer or not. The object is to ascertain the property of the association, not of Harrison, and the examination should be confined to that limit.

I think the order appealed from should be reversed, and the witness be required to submit to an examination.

As the question is new, no costs should be allowed on this appeal.

Order reversed, and Harrison ordered to submit to an examination.