## THE BALLSTON SPA BANK VS. THE MARINE BANK OF MILWAUKEE, impleaded &c.

An order which discharges a person who has property of a judgment debtor, or is indebted to him, from process for contempt for refusing to answer questions properly put upon examination in supplementary proceedings, is a final order affecting a substantial right, within the meaning of subd. 2, sec. 10, ch. 264, Laws of 1860, and is therefore appealable.

Section 88, ch. 134, R. S., is not applicable to a case where the judgment debtor is a corporation. Section 91 of the same chapter is applicable in such a case.

As applied to banks and other corporations described in sec. 21, ch. 148, R. S., section 91, ch. 134, is not in conflict with said sec. 21, but the remedy provided thereby is cumulative.

If any stockholder or creditor of a corporation such as is described in sec. 21, ch. 148, R. S., is aggrieved by a proceeding against such corporation under sec. 91, ch. 134, he may file his complaint and procure an injunction under said section 21, and proceed to a final settlement of the affairs of the corporation under chap. 148.

APPEAL from the County Court of *Milwaukee* County.

The plaintiff, having obtained a judgment in said court against the *Marine Bank of Milwaukee* and two other defendants, and issued execution thereon, commenced proceedings in January, 1862, under sec. 91, ch. 134, R. S., to reach certain property of the bank in the hands of John S. Harris. Said Harris appeared, in obedience to the order of the court, before a referee for examination, and stated that he had nothing in his hands belonging to the *Marine Bank*, except what he had in his custody as president of the bank, and that he owed it nothing; that the office of the bank was closed in February or March, 1860, since which time it had been closing up its affairs, but had not been doing a banking business, &c. He then, by advice of counsel, refused to answer questions put to him as to what proceedings had been taken to settle up the affairs of said bank, where its assets had been kept since its banking office was closed, whether it had had any other office for the purpose of doing business, where its assets had been removed to at certain times, what officers had been elected to manage its business, &c. On the filing of the referee's report of the examination, the plaintiff moved for an order upon Harris to show cause why he should not be punished as for a contempt for disobedience of said order of reference. On the hearing, the court denied the motion, and from this order the plaintiff appealed.

*D. G. Hooker*, for appellant, to the point that sec. 91, ch. 134, R. S., is applicable to a case in which the judgment debtor is a corporation, cited *Rains v. City of Oshkosh*, 14 Wis., 372; *Attorney General v. Brown*, 1 id., 513; *McCool v. Smith*, 1 Black, 470; *Lowber v. The Mayor &c.*, 1 Abb., 268; 7 id., 248.

*Butler & Cottrill*, for respondent:

1. The order of the county court denying the plaintiff's motion was not appealable. Sec. 10, chap. 264, Laws of 1860. It was an *interlocutory* and not a *final* order in supplemental proceedings. Besides, the power to punish for contempts, and

therefore to judge whether a contempt has been committed, is given exclusively to the court or judge before whom the proceedings are taken, and not to this court directly or indirectly through an appeal. Sec. 99, ch. 134, R. S. 2. No inquiry could be made of Harris as to property held by him as president of the debtor corporation. Such inquiries belong only to a proceeding against the corporation itself; and the judgment debtor cannot be proceeded against until the execution has been *returned.* Sec. 88, ch. 134, R. S. 3. The remedy given by sec. 91, ch. 134, does not apply to a case where the judgment debtor is a bank or other moneyed corporation, but they must be proceeded against under ch. 148, R. S. *Sherwood v. Buff. & N. Y. City R. R.,* 12 How. Pr. R., 136; *Hinds v. Railroad,* 10 id., 487; *Hammond v. Hudson River Iron Co.,* 11 id., 29; *McBride v. Farmers' Bank,* 28 Barb., 476; *Same Case,* 7 Abb., 347; *Morgan v. N. Y. & Albany R. R.,* 10 Paige, 487. The last case relates to creditors' bills, but in 10 Wis., 459, and 11 id., 196, supplementary proceedings are held to be a mere substitute for creditors' bills.

*By the Court,* DIXON, C. J. The order is appealable. An order which discharges a person having property of the judgment debtor, or who is indebted to him, from process for contempt for refusing to answer questions properly put upon examination in supplementary proceedings, necessarily arrests such proceedings, and is a final order affecting a substantial right, within subdivision 2 of section 10 of the act regulating appeals. Laws of 1860, ch. 264. Such an order is appealable under the laws of New York, as an order " affecting a substantial right." *Livingston v. Swift,* 23 How. Pr. R., 1.

The proceedings in which this appeal originates were instituted under sec. 91 of chapter 134, Revised Statutes. That section and the preceding sec. 88 are identical with secs. 294 and 292 of the code of New York. It has there been held, and as we think for very satisfactory reasons, that the provisions

JUNE TERM, 1864. 493

Ballston Spa Bank vs. Marine Bank of Milwaukee, impleaded &c.

of sec. 292 (sec. 88 of our statute) are not applicable to judgments against corporations. *Hinds v. R. R. Co.*, 10 How. Pr. R., 487; *Curtois v. Harrison*, 12 id., 359; *S. C.*, 3 Abb. Pr. R., 96; 1 Hilt., 109. But as to the applicability of sec. 294 (our sec. 91) to such judgments, there is some contrariety of opinion. In *Hinds v. Railroad Co.*, and *Sherwood v. Railroad Co.*, 12 How. Pr. R., 136, it was held inapplicable. On the other hand the question has been thoroughly examined, and its applicability to such judgments maintained, in several cases. *Curtois v. Harrison, supra; Lowber v. The Mayor &c. of New York*, 5 Abb., 268; *The Same v. The Same*, 7 Abb., 248; *McBride v. Farmers' Branch Bank*, 28 Barb., 476; *S. C.*, 7 Abb., 347. The grounds upon which these decisions proceed accord. with our own views of the statute, and we adopt them as a correct exposition of it. The remedy afforded by sec. 91 is cheap, easy and expeditious, and we see nothing to prevent its application against a corporation debtor.

The objection that Harris, being president of the bank defendant, and holding whatever funds he had, the property of the bank, as its president, is not liable to this examination—that it is, in effect, not a proceeding against him, but against the bank—is fully met by some of the cases above cited. *Lowber v. The Mayor &c.*, 5 and 7 Abb. and *Curtois v. Harrison*. There can be no doubt that the property of a private corporation is liable for its debts, and that, whether such property is found in the hands of its president or any other person. The possession is immaterial so far as the liability is concerned; for neither the president nor any other officer of the corporation has any right to withhold its property when required to answer the just debts of the corporation. It would be easy indeed for such corporations to avoid the payment of their debts, if placing their property in the hands of their officers was placing it beyond the reach of creditors. For the purpose of this proceeding, Mr. Harris is regarded as an individual having in his hands property of the bank liable in law for the satisfaction of

its debts; and the fact that he happens at the same time to be its president, constitutes no excuse whatever for his refusal to surrender such property or to answer questions properly propounded to him concerning it.

Another objection to the proceeding, and which is intimately connected with the first, is that sec. 91 is inconsistent with the provisions of chapter 148, Revised Statutes, secs. 21 to 32 inclusive, and is therefore repealed by them; that the remedies given by the latter sections are exclusive. There is no necessary conflict between the two statutes. Both are susceptible of a harmonious application. The creditor, having obtained his judgment and issued execution against the corporation, is not obliged to resort to the dilatory and more expensive measures authorized by chapter 148. He may have recourse to the cheaper and more expeditious remedy given by sec. 91, which may be regarded as cumulative, and operative until it has been superseded by proper steps taken under chapter 148. The remedies prescribed by chapter 148 are not given solely to creditors. Any stockholder may make complaint; and in case the creditor upon whose complaint proceedings have been instituted, shall settle, the attorney general, under the direction of the governor, or any creditor, is entitled to appear and prosecute. Sec. 22. If, therefore, any other creditor, or any stockholder, feels himself agrieved by the proceedings of one or more creditors under sec. 91, such other creditor or stockholder has but to file his complaint, procure the injunction prescribed by sec. 21, and proceed to a final settlement of the affairs of the corporation under chapter 148.

It follows that the order appealed from must be reversed, and the cause remanded for further proceedings according to law.