PIERCE and another vs. THE MILWAUKEE CONSTRUCTION COMPANY and others.

ACTION. *An action in the nature of a creditor's bill under ch. 303, Laws of 1860, may be maintained against a domestic corporation; parties to such an action.*

1. Under ch. 303, Laws of 1860 (Tay. Stats., 1568, §§ 112, 113), a judgment creditor, after execution returned unsatisfied, has an action (in the nature of a creditor's bill) against the judgment debtor, or any other person or corporation, to compel a discovery of the property, etc., of the debtor, due to or held in trust for him, to enjoin the transfer thereof, and to obtain satisfaction of the judgment out of the same.

2. Such an action may be maintained against a *domestic corporation,* until some other creditor commences proceedings under ch. 148, R. S., and obtains an injunction under sec. 37 of that statute, restraining the proceedings in the creditor's suit. 18 Wis., 490.

3. This is a creditor's suit under the act of 1860, against a domestic corporation and a part of its stockholders and directors, alleged not to have paid for the capital stock subscribed by them, and to have transferred to themselves assets of the company, in fraud of plaintiffs' rights, sufficient to pay his judgment; and it does not appear that any proceedings have been instituted under ch. 148, R. S., by other creditors. *Held,* on demurrer, that the complaint is not bad because not brought in behalf of all the creditors, nor because all the stockholders are not made defendants.

4. *It seems,* that if plaintiffs desire to proceed, *in this action,* under sec. 18, ch. 148, R. S., they may do so (the difference between a *complaint* and a *petition* being merely nominal); but that it will be safer practice in that case to amend the complaint by setting forth that the proceeding is in behalf of all the creditors of the defendant corporation, and by making all the stockholders defendants. 13 Wis., 37.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint in this action is substantially a creditor's bill. It alleges the recovery of a judgment by the plaintiffs against the defendant company, the issuing of an execution thereon, and the return thereof by the proper officer unsatisfied for want of property on which to levy the same. It charges that such company has property sufficient to pay such judgment, held by third persons, unknown to the plaintiffs, in secret trust; that the individual defendants named are stockholders and directors of the company, and have each subscribed to its capital stock, but have not paid therefor; that as such directors they improperly transferred to themselves a large amount of the assets of the company, in fraud of the rights of the plaintiffs; and that the property so transferred and held in trust is sufficient to pay the plaintiffs' judgment. The complaint contains the prayers for discovery, for an injunction, and for the appointment of a receiver, usual in creditors' bills.

The *Construction Company* demurred to the complaint for

the following reasons: "1. That there is a defect of parties plaintiff, in that this action is not brought by or in behalf of all the creditors of this defendant. 2. That there is a defect of parties defendant, in that it does not appear that all the stockholders of this company are joined as defendants. 3. That several causes of action (some of which do not affect this defendant) have been improperly joined therein. 4. The said complaint does not state facts sufficient to constitute a cause of action against this defendant."

The defendants *Pfister* and *Ferguson* demurred thereto for the following reasons: "1. That the court has no jurisdiction of the subject of the action. 2. That there is a defect of parties plaintiff, inasmuch as the action should be brought by or on behalf of all the creditors of the defendant corporation. 3. That there is a defect of parties defendant, inasmuch as it does not appear that all the stockholders of said corporation are made parties. 4. That the complaint does not state facts sufficient to constitute a cause of action. 5. Because several causes of action have been improperly joined, the complaint seeking to enforce payment by stockholders on their subscription to the corporation, and also being in the nature of a creditor's suit."

These demurrers were sustained; and the plaintiffs appealed from each of the orders sustaining them.

*Finches, Lynde & Miller*, for appellants:

1. A demurrer does not reach irrelevant and immaterial allegations, or improper, defective or absurd prayers for relief. *State v. Smith*, 14 Wis., 564; *People v. Mayor*, 8 Abb. Pr., 7; *Same v. Same*, 28 Barb., 240; 17 How. Pr., 56; Van Santv. Pl., 363; *White v. Lyons*, 42 Cal., 282; *Emery v. Pease*, 20 N. Y., 64; *Bassett v. Warner*, 23 Wis., 673; *Willard v. Reas*, 26 id., 540. 2. The complaint sets out a good cause of action. (1) *As a creditor's bill.* It states the recovery of a judgment, the proper issue of execution, its delivery to the sheriff, and his return of no property, the judgment unsatisfied, and special

allegations sufficient to discover and reach assets of the corporation in the hands of the several defendants. The jurisdiction is supported by ch. 303, Laws of 1860; 17 Wis., 456; 18 id., 456; 19 id., 42; 10 Paige, 293. The complaint does not show on its face that there are other creditors, and, treating it as a creditor's bill, there is no necessity for their joinder, if such there are. 1 Paige, 637; 4 id., 23; 56 N. Y., 587. If there are other stockholders, the complaint does not show it, and it will be proper for the defendants to set up the fact by answer. 57 N. Y., 587; 29 Wis., 578. The complaint states facts sufficient to constitute a cause of action. 22 How. (U. S.), 388; 13 Ohio, 197; 1 R. I., 376; 17 Ohio, 187; 20 Ohio St., 208; 34 Wis., 665. (2) *As a proceeding under secs.* 18, 19, *ch.* 148, *R. S.* The statute uses the word "petition," but an application in the form of a bill appears to be the more appropriate course where, as in this case, it is intended to charge the stockholders or directors of the company personally. *Judson v. Rossie Galena Co.*, 9 Paige, 600; *Morgan v. N. Y. & Albany R. R. Co.*, 10 id., 293. The complaint states all the facts necessary under the statute, and, striking out of the prayer for relief everything except the prayer for a receiver and for general relief, a perfect cause of action is presented under the statute. An improper prayer for relief may be disregarded. *Mann v. Pentz*, 2 Sandf. Ch., 257.

*Frank B. Van Valkenburgh* and *Winfield Smith*, for respondents, argued, among other things, 1. That this case is controlled by Tay. Stats., 1732, §§ 18, 19; and that statute requires an application by *petition*, and directs a fair and just *distribution* of the property of the corporation among all its creditors, thus prohibiting any remedy which would result in a preference. *Morgan v. R. R. Co.*, 10 Paige, 293; 4 Wait's Pr., 134, 205; *Adler v. Brick Man. Co.*, 13 Wis., 57; 32 id., 167. 2. That the remedy by creditor's bill, and the statutory remedy against insolvent debtors substituted therefor by the code, do not lie against a domestic corporation since the

Pierce and another vs. The Milwaukee Construction Company and others.

enactment of the statute above referred to (*Hinds v. R. R. Co.*, 10 How. Pr., 487; *Hammond v. Iron Co.*, 11 id., 29; *Sherwood v. R. R. Co.*, 12 id., 136; *Curtois v. Harrison*, id., 359; *Ballston Bank v. Marine Bank*, 18 Wis., 492); that the pleading demurred to was a complaint in an action under the code, commenced by summons, while the proceeding prescribed by the statute is a special proceeding upon petition and without a summons, and, although the complaint might be held good as a petition, if presented in that form, that question could not be raised on demurrer, as the only issue was, whether it was good as a complaint; and that it was proper to examine the prayer for relief in order to determine what the action really was. Tay. Stats., 1417, 1427, 1437, 1635; 2 Wait's Pr., 445–453. 3. That the complaint seeks to compel the stockholders to pay up their subscriptions, and to obtain other relief against them; and that such an action should be brought in behalf of all the creditors and against all the stockholders. 13 Wis., 62–3.

LYON, J. This is doubtless a good complaint under ch. 303, Laws of 1860 (Tay. Stats., 1568, §§ 112, 113), which gives a judgment creditor, after execution returned unsatisfied, an action against the judgment debtor and any other person or corporation, to compel a discovery of the property, etc., of the debtor, due to or held in trust for him, to enjoin the transfer thereof, and to obtain satisfaction of the judgment out of the same. Hence, if an action under that statute can be maintained against a domestic corporation, these demurrers should have been overruled.

Certainly the language of the statute is sufficiently comprehensive to include this case, for it authorizes the action (under the conditions therein expressed) against *any* judgment debtor. But it is claimed that ch. 148, R. S. (secs. 18 and 19), excludes all actions or proceedings by a creditor against an insolvent domestic corporation, other than that therein prescribed. We

think the position is well taken, but with the qualification that a judgment creditor may proceed against such corporation under the law of 1860 — that is by creditor's suit, — until some other creditor commences proceedings under ch. 148, and obtains an injunction under sec. 37 restraining the proceedings in the creditor's suit. This view was sustained by this court in *The Ballston Spa Bank v. The Marine Bank of Milwaukee*, 18 Wis., 490. Although that was a proceeding supplementary to execution, the principle of the decision is applicable to this case. It not appearing that any proceedings have been instituted under ch. 148 by any other creditor of the defendant corporation, we conclude that the demurrer should have been overruled.

The foregoing views render it unnecessary to determine whether the complaint is also a good petition under sec. 18, ch. 148, R. S. It may be observed, however, that the difference between a complaint and a petition is merely formal, and that if the plaintiffs desire to proceed under the latter statute, they may do so. But in such case it would be the safer practice to amend the complaint by setting forth that the proceeding is in behalf of all creditors of the defendant corporation; and by making all of the stockholders thereof parties defendant to the action, if there are any who are not already made defendants thereto. See *Adler v. The Milwaukee Patent Brick Manufacturing Co.*, 13 Wis., 57.

*By the Court.* — The orders of the circuit court sustaining the demurrers are reversed, and the cause remanded for further proceedings according to law.

RYAN, C. J., took no part in the decision of this cause.