## In re MURPHEY.

CRIMINAL CONTEMPT.    *Judgment or order not reviewable on appeal.*

1. An appeal does not lie to this court from an order or judgment in a *criminal* action or proceeding.

2. A person convicted of and fined for a criminal contempt, by the circuit court, cannot bring the order or judgment of conviction to this court by *appeal;* and the fact that the contempt consisted in disobedience to an order made in a civil action, does not affect the rule. *Ballston Spa Bank v. Marine Bank,* 18 Wis., 490; *Witter v. Lyon,* 34 id., 560; *Lamonte v. Pierce,* id., 483; and *In re Day,* id., 638, distinguished from this case; and *Haight v. Lucia,* 36 Wis., 355, criticised.

APPEAL from the Circuit Court for *Milwaukee* County.

The circuit court made an injunctional order in a civil cause, restraining the plaintiffs therein, their attorneys, etc., from procuring an order from any court or officer preventing or interfering with a sale, as theretofore advertised, of certain lands which the judgment in the cause directed to be sold. *Mr. Murphey* was not a party to that action, but was attorney for the plaintiffs therein.  Subsequently such proceedings were had in the same court, that an order was made or judgment rendered by the court convicting *Mr. Murphey* of a violation of such injunction, adjudging him in contempt therefor, and imposing upon him a fine of $125.  From such order or judgment, *Mr. Murphey* appealed to this court.

*N. S. Murphey,* appellant, in person.

*H. M. Finch, contra.*

LYON, J.  The defendant was convicted of willful disobedience of an order of the court, and was adjudged in contempt because of such disobedience, and fined therefor.  Looking at its results (whatever it may have been in its inception), the proceeding is not a controversy between certain parties to the civil action out of which it arose, and the appellant, in which the former seek indemnity for the wrongful act of the latter,

but a public prosecution, by which the state seeks to vindicate the authority of one of its courts and to punish the defendant for an alleged interference therewith. It is quite immaterial that the alleged contempt was committed in the progress of a civil cause. It was essentially a criminal contempt (R. S., ch. 119, sec. 7), and the court sought to punish it as such by imposing a fine upon the defendant, which, if paid, goes to to the school fund. Const., art. X, sec. 2. No party to the civil cause has any more interest in the conviction and punishment of the appellant than has any other citizen of the state.

That an appeal to this court does not lie from a judgment or order in a criminal case or proceeding, has been frequently adjudicated by this court, and is now too well settled to be questioned or doubted. *State v. Chappell*, 10 Wis., 10; *State v. Mushied*, 12 id., 561; *In re Fenelon*, 37 id., 231; *State v. Brophy*, 38 id., 413.

In the above cases the distinction between those proceedings for contempt which merely result in enforcing civil remedies and those which result in the imposition of criminal punishment, as affecting the right of appeal, is stated and considered.

In *Haight v. Lucia*, 36 Wis., 355, on appeal, we reversed an order or judgment imposing a fine upon a party for a contempt of court. But the question of the appealability of such order or judgment was not raised or considered. Had it been, we cannot doubt that the appeal would have been dismissed.

The cases of *Ballston Spa Bank v. The Marine Bank*, 18 Wis., 490, and *Witter v. Lyon*, 34 id., 564, cited by the learned counsel for the appellant as sustaining this appeal, are not in point. In the first of these cases it was held that an order discharging a person who had property of the judgment debtor or was indebted to him, from process for contempt for refusing to answer questions properly put upon examination in supplementary proceedings, was an appealable order. In

*Witter v. Lyon*, the appeal was from an order discharging a former order requiring the respondent to show cause why he should not be punished as for a contempt for an alleged violation of an injunction. The appeal was upheld. So also in *Lamonte v. Pierce*, 34 Wis., 483, it was held in effect that an order granting an attachment against the appellant as for a contempt in unlawfully refusing to appear in supplementary proceedings, was appealable. And in *In re Day*, id., 638, an order adjudging the appellant guilty of contempt, and requiring him to indemnify the party injured for the loss caused by his wrongful act, was held to be appealable.

In each of the cases cited in the last paragraph, the order from which the appeal was taken was made in a civil action, and concerned the private rights and remedies of parties thereto. The distinction between those orders and the order or judgment from which this appeal was taken, is apparent. It must be held that a person convicted of and fined for a criminal contempt by the circuit court, cannot appeal to this court from the order or judgment of conviction.

The question is not before us, whether the order from which the appeal was taken can be reviewed by this court under any circumstances.

