Everdell and another vs. The Sheboygan & Fond du Lac Railroad Company and another.

Garnishment. *(1, 2) Form of affidavit. (3) Judgment debtor a corporation. (4) Notice to judgment debtor. Waiver. (5) Cashier of R. R. company garnishable for company's debts. (6) What moneys in his hands subject to the judgment. (7) Neglect of judgment debtor to show in season that he has been charged as garnishee of plaintiff.*

1. An affidavit for garnishment should be tested by the rules that apply to complaints in civil actions, rather than by those applied to attachments, etc.
2. Such an affidavit, which states, upon information and belief, that the garnishee has property of the judgment debtor, not exempt, etc., *or* is indebted to said debtor, etc., is sufficient, or at least must be so held where no specific objection was taken to the disjunctive form, before the commissioner by whom the examination was had.
3. A proceeding in garnishment may be maintained under Tay. Stats., 1566, § 103, where the judgment debtor is a *corporation.* 18 Wis., 490; 38 id., 253.
4. Where the judgment debtor appears by attorney at the examination of the garnishee, and does not object to the proceeding on the specific ground that he has not been *notified* of it, he thereby *waives* his right, if he had any, to such notice.
5. The cashier or other officer of a railroad company is subject to garnishment for money or property of the company in his possession as such, under the statute. *Ballston Spa Bank v. Marine Bank*, 18 Wis., 490.
6. Money received by the cashier of a railroad company, from its agents along the line of its road, as proceeds of the sale of tickets and for freight, and held by him as such cashier, though collected for other connecting companies, and credited to them on his company's books, is still the money

of his company, and subject to a judgment against it; the connecting companies having no *specific* interest therein.

7.  Where a judgment debtor, having an opportunity, on the examination of the garnishee, to show that he has been charged in other proceedings as garnishee of the plaintiff, fails to do so, he is guilty of *laches;* and the circuit court may refuse to modify the commissioner's order directing the garnishee to pay the whole amount of the judgment debt, notwithstanding proof made before such court that the debtor had been so charged.


APPEAL from the Circuit Court for *Fond du Lac* County.

The plaintiffs recovered a judgment against the defendant company January 28, 1875, for $847.98, damages and costs, and issued execution thereon to the sheriff of Fond du Lac county on the 4th of March following. The execution was afterwards returned by the sheriff wholly unsatisfied. Thereupon the plaintiffs, for the purpose of instituting proceedings under sec. 91, ch. 134, R. S., presented to a court commissioner an affidavit of one of them, stating the above facts, and that only thirteen dollars had been paid on the judgment, and stating further that, " as deponent is informed and verily believes, *Milton Ewen*, of Fond du Lac, Wisconsin, has property of said defendant not exempt from sale on execution, or is indebted to said defendant, in a sum exceeding ten dollars." The commissioner made an order pursuant to the above statute, requiring *Ewen* to appear before him and answer concerning the matters stated in such affidavit, at a time and place specified in the order, and enjoining him from transferring or making any disposition of the property of the company in his hands until further order. Such order, with a copy of the affidavit, was duly served on *Ewen* at the city of Fond du Lac, May 27, 1875, but no service thereof was made on the railroad company.

At the time and place so appointed, both *Ewen* and the railroad company appeared by the same attorney before the commissioner. *Ewen* objected to being examined, alleging that " the commissioner has no authority in this case to exam-

ine the party under oath." The objection was overruled, and *Ewen* answered substantially as follows:

"I am in the office of the *Sheboygan & Fond du Lac Railroad Co.*, as an employee. I am auditor and cashier, or paymaster. I receive and pay out money of the railroad company. I was auditor and cashier of the road on the 27th of May, 1876. At the time of the service of the papers, I had no money in my hands belonging to the railroad company. I have had money belonging to the company. Q. When did you last have money of the company in your possession, prior to the service of these papers? A. I could not say. I keep books of money received and paid out. Q. Will you produce them? A. I decline to produce them. I think I did not receive any money on that day. I think I did the day before that. I can't say how much; I have no idea how much it was. I do not recollect now what I did with the money I received the day before. I am quite sure I paid out some money on the day the papers were served, but before they were served. Can't say to whom I paid it. I pay out the money I receive, under the order of the superintendent. I do not keep a bank account of the money received by me as cashier, and did not at the time the order was served. I had no money in the bank belonging to the company at the time the order was served on me. I probably kept the money I received the day before the order was served. I think I had some money in the drawer, that I had received as cashier of the company, but cannot tell how much. I don't know where I received it from, but think from some of the stations; probably from agents of the road. They send in the money to me from the stations. I expect this was some of that money. The drawer is locked, and I carry the key. I have no idea how much there was. There was not $1,000 nor $500. Q. Had you any money anywhere else, which you received as cashier of the company. A. I think I had some money in the safe. The money in the safe comes from the agents along the road, and

was sent to me as cashier. There was in the safe about $1,000 that I held as cashier of the *Sheboygan & Fond du Lac Railroad Co.* I paid a draft, that day, on the company. Can't say how much it was. The money I had there was all subject to draft. The draft came from some connecting road. Can't say what road. This money was received from the sale of tickets and for freight. The tickets were for passage on this road and connecting roads. The money was kept in one common mass. I had no money in bank at the time belonging to the company. I was not indebted to the road at the time. The most of the money I had in the safe at the time, was money which the agents of our road had collected for other railroad companies. This road keeps accounts with other roads, receives the back freights and gives other roads credit for them, also receives pay for through tickets, and charges itself with the money received for fare over other roads; and at the time the papers were served in this case, on me, the *Sheboygan & Fond du Lac Railroad Co.* were indebted to other roads for freight collected and tickets sold to more than three times the amount of the money I had in the safe."

The commissioner found that *Ewen* had in his possession, at the time the order was served on him, one thousand dollars belonging to the judgment debtor, and made an order requiring him to transfer and deliver to the plaintiffs' attorney the amount unpaid on the judgment, and the costs of the proceedings, allowed at eighteen dollars. The order bears date June 12, 1876, and such judgment and costs then amounted to $933.35.

A motion, founded on certain affidavits and records, was afterwards made to the circuit court by the railroad company and *Ewen*, to set aside the commissioner's order. The motion papers showed, among other things, that the railroad company had been summoned as garnishee in proceedings on two judgments against the plaintiffs, or one of them, and had been duly

ordered to pay such judgments, which at the date of the commissioner's order amounted to $139.50.

After hearing the motion, the court made an order modifying the commissioner's order, by requiring *Ewen* to pay to the clerk of the court the money which the latter order required him to pay to the plaintiffs' attorney, and directing the clerk to pay out of it to the proper attorneys the two judgments last above mentioned, and to pay the balance thereof to the attorney for the plaintiffs in this action.

The railroad company and *Ewen* joined in an appeal from this order.

The cause was submitted for the appellants on the brief of *Knowles & Todd.* They contended, 1. That the affidavit upon which a proceeding in garnishment is founded, must be positive, and not in the alternative. 1 Code Rep., 38. 2. That the proceeding could not be maintained against a corporation. 10 How. Pr., 487; 11 id., 29, 190; 12 id., 136. 3. That it was irregular for the commissioner to make the order for a delivery of the property, without notice to the judgment debtor. 23 How. Pr., 260; 36 id., 185; 15 Abb. Pr., 406; *Gibson v. Haggerty,* 37 N. Y., 555; 64 Barb., 406. The proceedings after the order was issued and upon the argument in the circuit court, wherein the plaintiffs admitted that a portion of the amount ordered to be paid to them was not in fact due them, but was due upon judgments rendered against them, show the necessity of such notice. 4. That where it appears upon the examination that the garnishee denies the debt, or claims that he or other persons have an interest in the property adverse to the judgment debtor, the court commissioner has jurisdiction only to forbid a transfer until a receiver is appointed. Tay. Stats., 1567, § 108; *Teller v. Randall,* 26 How. Pr., 155; 12 id., 136; 34 id., 333; 8 Bosw., 687; 40 Barb., 244; 58 id., 634; *Rodman v. Henry,* 17 N. Y., 482; 47 id., 369; *Hamlin v. Wright,* 23 Wis., 491. If the amount is uncertain, a receiver must be appointed. 13 How. Pr.,

137; 22 id., 2; 12 Abb. Pr., N. S., 28; 7 Rob., 63; 47 N. Y., 368.   5. That the proceeding is to reach property of the judgment debtor in the hands of third persons, and not property in his own possession; and when the examination of *Ewen* showed that he was an officer of the company, and that all moneys which he had received were received as such officer, the commissioner's jurisdiction failed.   6. That the court erred in compelling *Ewen* to pay over the full amount of the judgment, part of which was to be applied in satisfaction of judgments against *Everdell*. As no proceedings had been taken to compel the payment by *Ewen*, out of moneys in his hands, of those judgments, the court had no authority to order their payment in this proceeding.

*James W. Bass*, for the respondents, to the point that the affidavit was sufficient, cited *Orton v. Noonan*, 27 Wis., 572; *Beck v. Cole*, 16 id., 95; *Miller v. Adams*, 52 N. Y., 409. To the point that sec. 91, ch. 134, R. S., under which these proceedings were instituted, is applicable where the judgment debtor is a corporation, he cited *Ballston Spa Bank v. Marine Bank*, 18 Wis., 490.   To the point that the act of the judgment debtor in appearing before the commissioner at the examination of the garnishee would have been a waiver of its right to notice, if the statute had not made the giving of such notice discretionary, he cited *Foster v. Prince*, 18 How. Pr., 258; *S. C.*, 8 Abb. Pr., 407; *Seeley v. Garrison*, 10 id., 460; *Ward v. Beebe*, 15 id., 372; *Gibson v. Haggerty*, 37 N. Y., 555.   He further contended that as to so much of the money in the garnishee's hands as was paid for advance freights on other connecting roads, the relation between the judgment debtor and those other roads was that of debtor and creditor, and the money was the property of the judgment debtor; that there was no necessity for appointing a receiver in the case, under sec. 96, ch. 134, R. S., because the garnishee did not claim an interest in the property adverse to the judgment debtor, and the plaintiffs did not claim that the garnishee was *indebted* to

the company; and that the company could not complain of the modification of the commissioner's order by the court, which was made at its request and for its sole benefit.

LYON, J.  The errors assigned on behalf of the appellants will be stated and briefly considered in their order.

"1. The affidavit upon which the commissioner's order was issued, does not show whether the party required to appear had any property of, or was indebted to, the judgment debtor. The language must be positive, showing one or the other."

The garnishee proceeding against the appellant *Ewen* is in the nature of an ordinary civil action.  The affidavit performs the office of a complaint in such an action, and should be tested by the same rules, rather than those which are applied to attachments and other harsh proceedings.  Yet this court has held that an affidavit for an attachment in the very words of the statute is sufficient, if perjury may be assigned upon it. *Miller v. Munson*, 34 Wis., 579; *Mairet v. Marriner*, id., 582.  See also *Klenk v. Schwalm*, 19 Wis., 124 (Vilas & Bryant's edition), and cases cited in head note.

In ordinary civil actions, an averment in the complaint on information and belief, of a fact not presumed to be within the personal knowledge of the plaintiff, is sufficient.  Even in an affidavit for an attachment, an averment in the disjunctive, as that a person is indebted to *or* has property of another in his possession, would probably be sufficient, within the doctrine of the above cases.  It certainly would be sufficient in a complaint, after verdict.  In the proceeding before us, the record fails to show that the specific objection was taken before the commissioner, that the affidavit is insufficient.

We conclude that the alleged error under consideration is not well assigned.

"2. Proceedings under this section of the statute cannot be maintained on a judgment against a corporation."

This proceeding was instituted under sec. 91, ch. 134, R. S.,

as amended (Tay. Stats., 1566, § 103); and it was expressly ruled by this court in *The Ballston Spa Bank v. The Marine Bank*, 18 Wis., 490, that it may be maintained in a case where the judgment debtor is a corporation. See also *Pierce v. Milwaukee Construction Co.*, 38 Wis., 253.

3, 4 and 5. The alleged errors are, in substance, that no notice of the proceedings before the commissioner was given to the judgment debtor, and it is claimed that the order of the commissioner should be vacated for that reason, if for no other.

The statute confers upon the judge or commissioner before whom a proceeding like this is instituted, the power to cause such notice to be given, if, in the exercise of a sound discretion, he thinks it ought to be given. Sec. 91, *supra*. But the question whether in the present case the commissioner should have exercised that power, is rendered entirely immaterial by the fact, disclosed in the record, that the judgment debtor appeared by its attorney before the commissioner on the examination of *Ewen*, and made no specific objection to the want of notice. A general appearance without notice is a waiver of the right thereto. This is elementary. The record of the proceedings before the commissioner, in this particular, on the return day of the order, is as follows: "The plaintiffs appear by J. W. Bass, their attorney, and the defendant and garnishee by Geo. P. Knowles, *their* attorney."

6. It is claimed that the examination of *Ewen* failed to disclose any money in his possession belonging to the judgment debtor; and that, if the fact were otherwise, the amount in his hands and the title thereto are so uncertain that a receiver should have been appointed to bring an action therefor, as prescribed in sec. 96 (Tay. Stats., 1567, § 108).

Although *Ewen* testified positively that he had no money *in his hands* belonging to the judgment debtor when the commissioner's order was served on him, yet he also testified that at that time he had about $1,000 in money *in a safe*, which

money was the proceeds of the sale of tickets and for freights received by the agents of the judgment debtor along the line of its railroad, and by them paid over to him and held by him as cashier of the judgment debtor. Some of this money was collected for other railroad companies, and credited to them on the books of the judgment debtor. But this fact gave such other companies no interest in the specific money in the hands of *Ewen*. It was the money of the judgment debtor, and, had it been lost or destroyed without its fault, the loss would have fallen upon it and not upon such other companies.

We conclude, therefore, that the examination disclosed clearly that he held an amount of money for the judgment debtor exceeding the judgment, and that the commissioner properly ordered that the judgment be paid out of it. (Tay. Stats., 1566, § 106.)

7. The objection that *Ewen* was an officer of the railroad company, and hence, that he could not lawfully be proceeded against under sec. 91, is overruled in *Ballston Spa Bank v. Marine Bank, supra,* where the proceeding was under that section, against the president of the corporation judgment debtor.

8. The judgment debtor in this case had an opportunity to prove before the commissioners that it had been charged in other proceedings as the garnishee of the plaintiffs. Its failure to do so was *laches*, and it would not have been error had the circuit court affirmed the order of the commissioner without modification. The modification, whether regular or irregular, is in favor of the judgment debtor, and does not injure *Ewen*, and hence furnishes no just ground of complaint by either.

*By the Court.* — The order of the circuit court is affirmed.