No. 21,158.

THE HAMILTON-COLLINSON HARDWARE COMPANY, *Appellant*, V.
THE ARKANSAS CITY OIL & GAS COMPANY et al. (DAN W.
BROWN, Receiver, etc., *Appellant*), G. W. MOUNTS, Inter-
pleader, *Appellee*.

SYLLABUS BY THE COURT.

1. OIL AND GAS COMPANY—*Lease—Forfeiture—Garnishment of Assets—
Rights of Creditors.* An oil and gas company obtained leases, pur-
chased a rig, tools and appliances, and began the drilling of a well on
the land of a lessor. In the lease was a clause that upon a failure of
the lessee to drill or complete a well in a certain time or make certain
payments the lessor could declare a forfeiture after ten days' notice.
Before the well was completed the lessee became insolvent, allowed
its leases to lapse, left its rig, tools and appliances on the farm of the
lessor, and abandoned the enterprise. Persons who performed labor
for the company obtained judgments against it and procured the serv-
ice of a garnishee summons upon the lessor on whose land the rig,
tools and appliances of the company were left. In a controversy be-
tween creditors it is held, that although the lessor had not declared
a forfeiture of the lease, he is to be regarded as in possession and con-
trol of the property left on his farm, for the purpose of garnish-
ment, and that he was a proper garnishee in the actions brought by the
laborers.

2. SAME — *Lease — Abandonment — Notice of Forfeiture Unnecessary.*
Since the lease had been allowed to lapse and the lessee had abandoned
the enterprise and is not claiming any right under the lease, a formal
forfeiture by the lessor after giving notice was not necessary to his
liability as a garnishee in the actions brought by creditors of the com-
pany.

Appeal from Cowley district court; OLIVER P. FULLER, judge.
Opinion filed December 8, 1917. Affirmed.

*C. T. Atkinson,* of Arkansas City, for the appellant.

*Albert Faulconer,* and *C. Ward Wright,* both of Arkansas
City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The principal question involved in this
appeal is the validity of garnishment proceedings.

The Arkansas City Oil & Gas Company was organized in
the early part of 1914, and leases were secured by it on about

two thousand acres of land, including the farm of G. D. Mounts. From the sale of stock about $2,500 was realized, and Mounts subscribed $500 of stock in the corporation to be paid for in money and labor. The company bought a rig and other appliances and began to dig a well on the Mounts farm. The work was continued until October of 1914, when the company became insolvent, allowed its leases to lapse, and abandoned the enterprise. The rig, tools and appliances were left on the Mounts farm at the unfinished well. A number of persons who had performed labor for the company for which they had not been paid, brought actions before a justice of the peace upon their claims and recovered judgments. They served notices of garnishment on Mounts, on whose farm the rig, tools and appliances of the company were left, and he answered that he had actual possession of the company's property and had held it since the company had abandoned the enterprise. Afterwards the Hamilton-Collinson Hardware Company, which held a claim against the Arkansas City Oil & Gas Company for $319.02 for merchandise sold to it, brought this action and procured the appointment of a receiver to take charge of the company's property. The laborers who had previously obtained judgments interpleaded in the action, and claimed a lien on the property by virtue of the garnishment proceeding. The court sustained the claims of the interpleaders, holding that the garnishment was effective and, no supersedeas bond being given on the appeal, the property was sold and the proceeds applied to the satisfaction of the judgments obtained by the laborers.

The plaintiff contends that, although the company had suspended operations, its lease of the Mounts farm had not been forfeited, and therefore its property cannot be said to be in Mounts' possession nor subject to garnishment in his hands. The lease contained a provision that—

"Upon failure of the lessee to drill the well or make any of the payments above provided for delay in completing a well on the date upon which the same becomes due, the lessor shall have the right to declare a forfeiture of the lease if such payment be not made within 10 days after written notice to pay the same."

Ordinarily where a lease contains a forfeiture clause the lessee's right cannot be terminated for a failure to comply

10—102 Kan.

with its conditions until the lessor has declared a forfeiture after due notice has been given. Here the lessee is not asserting any rights under the lease. It is not complaining that there was no formal forfeiture or that no notice of an intention to forfeit was given, and although the officers of the company were witnesses in the case there was no intimation by them that the company claimed possession of the property in question. On the other hand, it had ceased operations, withdrawn from the Mounts farm, abandoned the whole enterprise, and allowed the Mounts lease, as well as all other leases, to lapse. By the lapsing of the lease and the abandonment of the enterprise the inchoate rights of the lessee in the Mounts lease were effectually terminated. Under the circumstances stated it was unnecessary for Mounts to give a ten-days notice and go through the formality of declaring a forfeiture. The law does not require the doing of vain things. The lessee's rights under a lease may be ended by abandonment, and as abandonment rests upon the intention of the lessee, whether or not that was its intention was a question of fact for the determination of the court. (*Rawlings v. Armel*, 70 Kan. 778, 79 Pac. 683; Thornton on The Law Relating to Oil and Gas, 2d ed., §§ 137, 140.) The abandonment in this instance was so open and notorious that there could be no dispute as to the intention of the company, and therefore notices and declarations could have served no purpose. The officers of the company are not now questioning in any way their relinquishment of their rights under the lease or the abandonment of the enterprise, and no one else can repudiate its abandonment for the company. The termination of the rights of the company left the property in the hands of Mounts, and the officers are not even now challenging the validity of his possession.

Some claim is made that he could not be garnished because he had not paid for his stock. The reasons on which this objection is grounded are not clearly stated, but it is unnecessary to examine them. Mounts was to pay for his stock with money and labor. He paid $200 in cash and contributed labor to the enterprise, and, although there is a dispute as to the extent and value of the labor he performed, there is an indorsement on the stub of the stock certificate book, written by the secre-

tary: "Paid $200 and labor." This implies that sufficient labor had been performed to pay the balance due upon the stock, and upon the testimony and the general finding of the court it must be held that payment had been made.

The property of the oil and gas company was subject to be taken for its debts. That property was found in the actual possession of Mounts, and it is immaterial whether his possession is to be regarded as that of a stranger or as an agent of the company. In either event there is no reason why the property in his possession should not be garnished and appropriated to the payment of its debts. (*Ballston Spa Bank v. Marine Bank of Milwaukee, impleaded &c.*, 18 Wis. 490; *The First National Bank of Davenport v. The Davenport & St. Paul R. Co.*, 45 Iowa, 120; *Everdell and another v. The Sh. & F. du L. R. R. Co. and another,* 41 Wis. 395.)

The statute under which the proceeding was had provides among other things, in effect, that if a plaintiff makes oath in writing that he has good reason to believe that any person or corporation has property of the defendant in his possession or under his control he is subject to be garnished. (Gen. Stat. 1915, § 7732.) The property belonged to the defendant. A person had it in his possession. It was liable for the debts of the laborers who obtained the judgments, and no good reason is seen why the property was not reached by the garnishment process.

Judgment affirmed.