L & S CONCRETE COMPANY, INC. *v.* BIBLER
BROTHERS, INC.

CA 90-189 807 S.W.2d 50

Court of Appeals of Arkansas
Division I
Opinion delivered April 17, 1991

*Davidson Law Firm, Ltd.*, by: *Charles Darwin Davidson* and *Dinah M. Dale*, for appellant.

*Laws & Murdoch*, by: *Hugh Richardson Laws*, for appellee.

MELVIN MAYFIELD, Judge. L & S Concrete appeals from a judgment rendered it as garnishee in the amount of $19,047.13 plus interest and costs.

On June 29, 1989, appellee Bibler Brothers obtained a default judgment against Arkoma Industries, Inc. in the amount of $19,047.13 plus interest for the balance owed on some lumber Arkoma had purchased from the appellee. The judgment was unpaid and on July 28, 1989, appellee filed a writ of garnishment, accompanied by allegations and interrogatories, alleging L & S Concrete was indebted to Arkoma or "has in its hands and

possession, goods, chattels, monies, credits and effects" belonging to Arkoma. Interrogatory No. 2 propounded by the appellee is as follows:

> 2. Had you, in your hands and possession, on or after the date of service of the Writ of Garnishment herein, any goods, chattels, monies, credits and effects belonging to the defendant, Arkoma Industries, Inc.? If so, what was the nature and value thereof?

Appellant denied it was obligated to Arkoma, and in answer to Interrogatory No. 2 stated "No. However, some property of the bank lender of Arkoma is on L & S Concrete Company's property."

On September 1, 1989, appellee filed a reply to the appellant's answers to the allegations and interrogatories served upon the appellant as garnishee. The reply included the following:

> 3. At the time the writ of garnishment was served on the garnishee, it had in its possession certain lumber belonging to Arkoma Industries, Inc. The plaintiff denies that the lumber belonged to the bank lender of Arkoma as stated in the garnishee's answer. The garnishee has not answered the interrogatories truthfully or accurately.

> 4. The lumber that was in the possession of the garnishee has been removed since the date on which the writ of garnishment was served upon it.

Appellee asked for judgment against appellant in the amount of $19,047.13 plus interest and costs.

A hearing was held November 1, 1989, and at the close of the appellee's evidence, appellant made a motion for a directed verdict on the basis that there was no showing that the property was in any way within the meaning of the garnishment statute "in the possession or control or custody of the garnishee." The trial court denied appellant's motion and appellant proceeded to present its evidence.

On November 14, 1989, the trial court sent a letter to the parties which stated:

> After a review of the evidence presented and the letter

briefs of counsel, it is the finding of the Court that the plaintiff should have and recover from L & S Concrete Company, Inc., garnishee, the amount of the original indebtedness owed by Arkoma Industries, Inc., in the amount of $19,047.13 plus interest and costs.

The Court finds that the value of the property held by the garnishee was $22,000.00 to $23,000.00. The Court feels that L & S Concrete Company, Inc., had in its hands or possession the property of Arkoma Industries, Inc. Even though Mr. Charlie Weaver indicated that he was not aware of the property being on the L & S property, the Court feels that the facts would indicate that he did. Mr. Fred Weaver, who is owner of Arkoma Industries, Inc., and brother of Charlie Weaver, indicated that he had open use of the L & S property whenever he needed. It is difficult for the Court to believe that L & S Concrete Company, Inc., was not aware of three large truckloads of timber products on its property.

L & S Concrete Company, Inc., apparently had knowledge of the physical presence of the lumber on its property when it answered the allegations and interrogatories of plaintiff stating that property of the bank lender of Arkoma Industries, Inc., was situated on its property.

On November 20, 1989, the trial court entered an order granting appellee judgment in the amount of $20,060.74 plus post-judgment interest at the rate of ten percent per year until paid.

Appellant argues on appeal that the trial court committed reversible error by denying its motion for a directed verdict because garnishment was improper in this case. Appellant contends it cannot be liable as garnishee because (1) it owed no debt to Arkoma; (2) that the property did not belong to Arkoma because it was specially manufactured pursuant to a purchase order and subject to a perfected security interest held by Arkoma's lender; and (3) that property was not in its hands or possession.

Arkansas Code Annotated § 16-110-102 (1987) states:

(a)(1) Whenever, in a civil action, the plaintiff shall

have reason to believe that any other person is indebted to the defendant or has in his hands or possession goods and chattels, moneys, credits, and effects belonging to the defendant, the plaintiff may sue out a writ of garnishment.

 Appellant's argument that it cannot be liable as garnishee because it owed no debt to Arkoma ignores the alternative provision "or has in his hands or possession goods and chattels . . . belonging to the defendant" set out in the above statute. Appellee cited *Harris* v. *Harris*, 201 Ark. 684, 146 S.W.2d 539 (1941), which stated "it is the settled rule that the effect of the service of the writ of garnishment is to impound all property in the hands of the garnishee belonging to the judgment debtor," but appellant says the garnishee in that case "actually owed a debt to the judgment debtor." However, in *Patterson* v. *Harland*, 12 Ark. 158 (1851), the garnishee had about 140 bushels of corn in his possession, one-half of which belonged to the judgment debtor, and judgment was rendered against the garnishee for the value of the corn. Clearly, the garnishee was not indebted to the judgment debtor in that case. Moreover, appellant's argument that the lumber did not belong to Arkoma because it was specifically manufactured for a customer in Iowa and that a bank in Arkansas held a lien on it is not supported by the evidence. This issue is really not seriously argued on appeal. Appellant's real contention is that it did not have "possession" of the lumber placed on its property because it exercised no control over the lumber.

 In support of this argument, appellant cites *Foos Gas Engine Co.* v. *Fairview Land & Cattle Co.*, 185 S.W. 382 (Tex. App. 1916), and *Milwaukee Stove & Furnace* v. *Apex Heating*, 418 N.W.2d 4 (Wis. App. 1987), but we find those cases are not controlling here. *Milwaukee Stove* was decided on the basis of the Wisconsin garnishment statute which states a creditor may proceed against any person who is indebted to or has "any property in his or her possession or under his or her control." The property involved was the "complete inventory of shop equipment and materials" of a heating and cooling business which was to be sold at auction by one George Woodrich. The court held that the property was not in the possession of Woodrich because the garnishment statute was designed to impose liability on persons who "maintain actual possession or control of property" not on

persons who "perform some act in relation to the property." However, the Arkansas statute is not as restrictive as the Wisconsin statute, and requires only that a person have property of the defendant "in his hands or possession." In *Harris* v. *Harris, supra,* our supreme court stated the general law regarding garnishment.

> It is the settled rule that the effect of the service of the writ of garnishment is to impound all property in the hands of the garnishee belonging to the judgment debtor (in the instant case, Dora Fraser) at the time of service, or that may thereafter come into his hands, up until the filing by him of a true and correct answer. *Magnolia Petroleum Co.* v. *Wasson,* 192 Ark. 554, 92 S.W.2d 860. In the Magnolia Petroleum case we held that "Recovery in garnishment proceedings can be had only up to date of filing answer."

> In *Hockaday* v. *Warmack,* 121 Ark. 518, 182 S.W. 263, this court said: "It is a well settled rule that a garnishee, after service of the writ upon him must retain possession of all property and effects of the principal debtor in his hands, and if he fails to do so he is liable for the value of the same to the plaintiff in the principal action. Such was the holding of this court in *Adams* v. *Penzell,* 40 Ark. 531.

201 Ark. at 687.

In *Foos,* the Texas Court of Civil Appeals held that a land company garnisheed in an action against an engineering company which had been digging wells on its land could not be held liable for the value of the machinery the engineering company left on the land as the land company was not in possession of the machinery. There is, however, authority to the contrary. In *Hamilton-Collinson Hardware Co.* v. *Arkansas City Oil & Gas Co.,* 169 P. 190 (Kan. 1917), an oil and gas company left a rig, tools, and appliances on the land of its lessor. In actions brought by laborers who had obtained judgments against the oil and gas company, the court held, for the purpose of garnishment, that the lessor was in possession and control of the property left on his farm by the oil and gas company. The court stated:

> The statute under which the proceeding was had provides, among other things, in effect, that if a plaintiff

makes oath in writing that he has good reason to believe that any person or corporation has property of the defendant in his possession or under his control, he is subject to be garnished. . . . The property belonged to the defendant. A person had it in his possession. It was liable for the debts of the laborers who obtained the judgments, and no good reason is seen why the property was not reached by the garnishment process.

169 P. at 191 (citations omitted).

The appellant in the instant case argues that to hold it liable as garnishee merely because of "bare presence" is comparable to holding a landowner as garnishee simply because someone placed goods or chattels on his land. At oral argument, appellant likened the issue in the present case to that of one just parking an automobile on another's land. However, in such situations, the proper response to interrogatories submitted with a writ of garnishment would be that the property was left without consent on the garnishee's property; that the garnishee has no power to prevent the removal of the property subject to garnishment; and should the property be removed, there is nothing the garnishee can do about it. Or, one could simply follow the provisions of Ark. Code Ann. § 16-110-409 (1987) and answer that the property is surrendered to the plaintiff, and then obtain from the court, as provided in subsection (b) of § 16-110-409, "an order releasing and discharging the garnishee from all responsibility to the defendant, in relation to the goods and chattels . . . so surrendered." Here, instead of following either of the paths suggested, the appellant stated only that some "property of the bank lender of Arkoma" was on its property, and as we have pointed out, the evidence will not support that answer.

At trial in this case, there was evidence that Fred Weaver, owner of Arkoma, is the brother of Charlie Weaver, sole stockholder and CEO of appellant L & S Concrete, and that Charlie Weaver also owns 100 percent of the stock in Weaver-Bailey Construction Company. There was also evidence that Weaver-Bailey and L & S share a common yard. In his testimony, Fred Weaver admitted that approximately three truck loads of the lumber products (which he said consisted of four by six sign posts, twelve to twenty feet long) were transported and stored on

the property of L & S Concrete and that there is a fence around the yard to keep intruders out. Fred Weaver also testified that he put the material there without his brother's permission. However, when asked whether he would have to ask permission of a brother, Fred Weaver responded: "Well, I didn't." And when asked whether this was any kind of practice that was carried on between the two, if "you needed space, to put things over on each other's property," Fred responded that he had owned part of the company for several years and "I just felt like if I needed something I did it." He said if he needed something, even if he needed to borrow a piece of equipment or something, he would get it without asking his brother.

Appellee James Bibler testified that Arkoma's debt began to get old and that he was in contact with Fred Weaver trying to get payment. When no satisfaction of the debt came across, Bibler tried to find some of Arkoma's lumber products. He testified that he located some material on the back lot of what he thought was Weaver-Bailey Construction Company, and he filed a garnishment. After he found out it wasn't on the Weaver-Bailey lot, he filed garnishment against L & S. Bibler testified the material was still there on August 9, but it was gone on September 10.

After the above evidence was presented, the appellant made a motion for directed verdict which was denied. The appellant then called Charlie Weaver, sole stockholder and CEO of appellant company, who testified that he was not aware Arkoma had placed some lumber products on L & S's property, and the first he learned about this lumber on his property was the day of trial. He testified further that three truck loads of lumber would cover "a pretty good area."

■ Both parties then rested, and appellant again moved for a directed verdict. In reviewing the denial of a motion for directed verdict, we give the proof its strongest probative force. Such proof, with all reasonable inferences, is examined in the light most favorable to the party against whom the motion is sought and if there is any substantial evidence to support the verdict we affirm the trial court. *Grendell v. Kiehl*, 291 Ark. 228, 723 S.W.2d 830 (1987).

Apparently the trial court did not believe appellant's story and in view of all the testimony and circumstances of this case, we

S.W.2d 830 (1987).

Apparently the trial court did not believe appellant's story and in view of all the testimony and circumstances of this case, we think there is substantial evidence to support the court's finding that the appellant had in "its hands or possession" property belonging to Arkoma.

Appellant also argues appellee failed to plead with particularity its post-hearing allegations of fraud. Because the issue of fraud was not raised in the trial court and was not the basis of the trial court's decision, we do not reach this issue.

The judgment of the trial court is affirmed.

ROGERS and DANIELSON, JJ., agree.