By the Court. Mason, J.
The deed of trust, to the defendants, Sayre and Mangum, was clearly void as to creditors. It was purely voluntary. There was no actual delivery of the money pretended to be conveyed to the trustees, or of the property in which it was said the money was invested, but the whole was retained in the hands of the grantor. The excuse offered by the trustees for not requiring it to be paid over is, that Day could not take the amount out of his business without great loss and sacrifice, and therefore they consented to let it remain in his hands without interest, merely receiving his note for the amount, payable to them as trustees. We are authorized to infer that it was without interest, as the answer does not allege that it bore interest, and the trustees were authorized to loan the amount to the grantor without interest. Nor does it appear that the note was negotiable, and no consideration having been given for it, as between the original parties, its payment could not have been *596 enforced. By this arrangement the professed object of the deed, viz. to provide an income for the separate use of his wife, was entirely defeated, and Day, the grantor, retained the possession and enjoyment of the property in the same manner as if the deed had never been executed.
There is no ground on which the trust deed can be upheld. It was void at common law and by the express terms of the-statute, (2 R. S. 136, § 5,) and it is void not only as to creditors existing at the time of the execution of the deed, but also as to the plaintiff who became a creditor subsequently thereto, and while the property still remained in the possession and under the control of the debtor ; and this as well from the nature of the case, as by the express provisions of section six of the statute before referred to.
It is of no consequence that the defendants, Mangum and Sayre, deny all fraudulent intent. Such a denial is of no avail, when the answer admits facts conclusively showing the fraud. (Cunningham v. Freeborn, 11 Wend. 240.) The defendant, Day, by not answering the amended bill, which alleged that the deed was made with the intent to defraud subsequent creditors, has expressly admitted the intent so far as he was concerned.
If the trust deed is void, then the subsequent assignment to Mangum of the 13th August, 1846, is also void. It provides for the payment out of the proceeds of the assigned property, of this very sum of $2000, to the defendants, Mangum and Sayre. Thus carrying out the fraudulent intent of the trust deed, and depriving the creditors of the amount thereof which they are entitled to have applied to the pajunent of their debts.
It was suggested on the argument, that the other preferred debts being for aught that appears, bona fide, and the assignment being for the benefit of all the creditors pro rata, after paying the preferred debts, this sum of $2000, if it cannot be lawfully applied to the purposes declared in the assignment, increases by so much the amount to be distributed among the general creditors, and that the assignment should be upheld as to all the bona fide claims provided for.
But the terms of the statute, (2 R. S. 137, § 1,) are peremptory ; they declare that the conveyance or assignment itself, made *597 with intent to hinder, delay or defraud creditors, shall be void ; not that the provision or claims containing such fraudulent intent, shall be void; and the uniform construction of the courts has been that a deed void in part, as being in. violation of a statute, is void in toto. (Mackie v. Cairns, 5 Cow. 547; Grover v. Wakeman, 11 Wend. 187; Webb v. Dagget, 2 Barb. S. C. R. 9.)
The complainant is entitled to a decree declaring both the trust deed and the assignment fraudulent and void as to him, and that the defendant Mangum pay the amount of his judgment with interest and costs; it appearing from Mangum’s own affidavit, that he has received from the assigned premises more than sufficient for that purpose.