# THE NATIONAL BANK OF GRANVILLE, RESPONDENT, *v.* JACOB COHN AND OTHERS, APPELLANTS.

*Fraudulent assignment—it must be set aside if any part thereof was made with intent to defraud.*

A general assignment, transferring the property of a firm for the purposes of paying the individual debts of the partners, as well as the firm debts, is wholly void as to firm creditors, and must be set aside.

It cannot be sustained, in so far as it transfers the firm property to pay firm debts, and set aside as to that portion which provides for the payment of the individual debts.

APPEAL from a judgment in favor of the plaintiff, entered at the Washington Circuit upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

On September 25, 1884, the defendants, Cohn and Stein, brought an action and obtained an attachment against the property of Baldwin & Hull, a firm doing business at Granville, Washington county. The sheriff of that county, to whom the attachment was issued, on September 26, 1884, levied upon property then in the store and constituting, as the defendants claim, the stock in trade

and fixtures of the attachment debtors. Judgment was entered in that action against Baldwin & Hull, on October 21, 1884, for $422.91, and an execution was on the same day issued to the sheriff, who, by virtue thereof, sold part of the property so levied upon, and applied the proceeds to the satisfaction of the execution. On September 13, 1884, however, an instrument had been executed by the firm by which it transferred its entire stock of goods to the plaintiff to secure the indebtedness and liabilities of the firm, or either of the partners. At the time of this assignment the firm owed the plaintiff $5,300, and Hull's individual indebtedness to the plaintiff was $2,473.70. The property so assigned constituted all the assets of Baldwin & Hull. The plaintiff claimed title, under the assignment mentioned, to the property levied upon by the sheriff, and brought this action to recover its value.

*Townsend, Dyett & Einstein,* for the appellant.

*F. W. Betts* and *M. D. Grover,* for the respondents.

LANDON, J. :

I think this judgment should be reversed upon the ground that the assignment was void against the defendants, who are firm creditors, with attachment, judgment and execution. It is conceded that the provision of the assignment transferring the firm property to the plaintiff, in order to secure the individual debts of the members of the firm, cannot be upheld, but it is claimed that the portion of it transferring to plaintiffs the firm property to pay the firm debts, can be. The question is, whether this assignment was made with the intent to hinder or defraud creditors ; that is, firm creditors. It was given and received for the purpose, among other things, of applying the firm property to pay the individual debts of the members of the firm. Suppose that expressed purpose is carried out ; the effect is both to hinder and defraud such creditors. The effect being known, the intent to accomplish it is just as plain as if it had been confessed in the instrument itself. And to this effect are the cases *Wilson* v. *Robertson* (21 N. Y., 587) ; *Barney* v. *Griffin* (2 id., 365) ; *Kirby* v. *Schoonmaker* (3 Barb. Ch., 48) ; *Fiedler* v. *Day* (2 Sandf., 594). It can make no difference whether the assignment is to a trustee or to a creditor, or is in the nature of a mortgage. In

either case the purpose declared will, if carried out, enable the plaintiff to hinder and delay the firm creditors in obtaining satisfaction of their debts, and will defraud them to the extent that the firm property is applied to individual debts. In whatever form such an intent is sought to be accomplished, the law condemns it. (*Billings* v. *Russell*, 101 N. Y., 226.) When it is conceded that that part of this assignment which appropriates the firm property to the payment of individual debts is void against the firm creditors, then it is conceded that by making this assignment the parties to it intended to withdraw some portion of the firm property from the reach of the firm creditors, and consequently the intent was to defraud such creditors to the extent of the firm property thus placed beyond their reach. The statute does not say that the part of the assignment made with such intent shall be void, but that the assignment itself shall be void. The statute condemns the whole instrument if any part of it shows that the instrument itself was made with this prohibited intent. (*Curtis* v. *Leavitt*, 15 N. Y., 97; *Billings* v. *Russell, supra.*)

Cases like *Darling* v. *Rogers* (22 Wend., 483), in which the void parts of an assignment are separated from the valid, and the latter upheld, have no application. There particular provisions are forbidden and condemned; here the prohibition is not simply directed to the particular provisions, but to the whole instrument, if made with the prohibited intent, of which these particular provisions are conclusive evidence.

The cases of *Leitch* v. *Hollister* (4 N. Y., 211); *Dunham* v. *Whitehead* (21 id., 131), do not aid the plaintiff. They are to the effect that a failing debtor may give to his creditor a mortgage of his property to secure payment of his debt, and such mortgage is not void because providing for the return of the surplus to the debtor after the debt shall be paid. They do not touch the vice in this instrument which we have considered, namely, the intent to appropriate firm property to the payment of individual debts to the prejudice of firm creditors, an intent which is fatal to a mortgage as well as to an assignment.

LEARNED, P. J., concurred.

Judgment reversed, new trial ordered, costs to abide event.