Landon, J.
I think this judgment should be reversed upon the ground that the assignment was void against the defendants, who are firm creditors, with attachment, judgment and execution.
It is conceded that the provision of the assignment, transferring the firm property to the plaintiff in order to secure the individual debts of the members of the firm, cannot be upheld, but it is claimed that the portion of it transferring to plaintiff the firm property to pay the firm debts can be.
The question is, whether this assignment was made with the intent to hinder or defraud creditors, that is, firm creditors. It was given and received for the purpose, among other things, of applying the firm property to pay the individual debts of the members of the firm. Suppose that expressed purpose is carried out; the effect is both to hinder and defraud such creditors. The effect being known, the intent to accomplish it is 'just as plain as if it had been confessed in the instrument itself. And to this, effect are the cases. Wilson v. Robertson, 21 N. Y., 587; Barney v. Griffin, 2 id., 365; Kirby v. Schoonmaker, 3 Barb. Ch., 48; Fielder v. Day, 2 Sandf., 594.
It can" make no difference whether the assignment is to a. trustee or to a creditor, or is in the nature of a mortgage. In either case the purpose declared, will, if carried out, enable the plaintiff to hinder and delay the firm creditors-in obtaining satisfaction of their debts, and will defraud them to the extent that the firm property is applied to individual debts. In whatever form such an intent is sought to be accomplished the law condemns it. Billings v. Russell, 101 N. Y., 226.
*319 When it is conceded that that part of this assignment which appropriates the firm property to the payment of individual debts is void against the firm creditors, then it is conceded that by making this assignment the parties to it intended to withdraw some portion of the firm property from the reach of firm creditors, and consequently the intent was to defraud such creditors to the extent of the firm property thus placed beyond their reach.
The statute does not say that the part of the assignment made with such intent shall be void, but that the assignment itself shall be void. The statute condemns the whole instrument if any part of it shows that the instrument itself was made with this prohibited intent. Curtiss v. Leavitt, 15 N. Y., 97; Billings v. Russell, supra.
Cases like Darling v. Rogers (22 Wend., 483), in which the void parts of an assignment are separated from the valid, and the latter upheld, have no application. There particular provisions are forbidden and condemned; here the prohibition is not simply directed to particular provisions, but to the whole instrument, if made with the prohibited intent, of which these particular provisions are conclusive evidence.
The cases of Leitch v. Hollister (4 N. Y., 211), and Dunham & Dimon v. Whitehead (21 id., 131), do not aid the plaintiff. They are to the effect that a failing debtor may give to his creditor a mortgage of his property to secure payment of his debt, and such mortgage is not void because providing for the return of the surplus to the debtor after the debt shall be paid. They do not touch the vice in this instrument which we have considered, namely, the intent to appropriate firm property to the payment of individual debts to the prejudice of firm creditors, an intent which is fatal to a mortgage as well as to an assignment.
Learned, P. J., concurs.