BADGER and another vs. DAENIEKE.

*January 11 — January 30, 1883.*

*(1) Partnership: sale of goods to one ignorant thereof. (2) Application of payments. (3) What finding sufficient. (4) Costs in action to enforce lien.*

1. A partner who sells goods of the firm to one ignorant of the existence of the partnership, is the agent of the firm, and an action for the price of the goods sold may be maintained by the firm.
2. Where a party owes one account to an individual, and another to a firm of which such individual is a member, and the individual account is assigned to the firm, it is immaterial upon which account money paid is applied.
3. A finding that all the allegations of the complaint are true is sufficient.
4. In an action to enforce a lien for building materials the plaintiff, on recovering judgment, is entitled to full costs. R. S., sec. 3324; *Weston v. Olsen*, 55 Wis., 613.

APPEAL from the Circuit Court for *Winnebago* County.

In 1881 the plaintiffs, *Badger* and *Gould*, were partners in the business of manufacturing and selling lumber, and the plaintiff *Gould* at the same time carried on a planing-mill and sash and door manufactory. The defendant ordered building materials of *Gould*, not knowing that *Badger* was his partner. The materials were furnished pursuant to the order, and were used by the defendant in the construction of a building in the city of Oshkosh. Part of the materials so furnished belonged to *Gould* alone, and the remainder to the firm of *Badger & Gould;* and it is claimed that there is an unpaid balance on each account. *Gould* filed a lien against such building for his alleged balance, and then assigned his demand to *Badger & Gould*. That firm also filed a lien against the same building for the alleged balance due it, and in due time commenced this action to enforce both liens. The court found due and unpaid on both accounts the sum of $30.48, and found generally that all the

allegations of the complaint are true.    Judgment was
entered for the plaintiffs pursuant to the findings, from
which the defendant has appealed to this court.

*James Freeman,* for the appellant.

For the respondent the cause was submitted on the brief
of *Jackson & Thompson.*

LYON, J.  1. It does not seem to be disputed that the
amount of both accounts is $230.48, and the defendant does
not claim that he has paid thereon above $200.    Neither is
it disputed that all of the materials furnished were used in the
construction of the building mentioned in the petitions for
liens and in the complaint.    The bill of the plaintiff *Gould*
was $196.58, on which payments were credited amounting to
$175.    The bill of the plaintiffs, constituting the firm of
*Badger & Gould,* was $33.90, on which was credited a pay-
ment of $25.    The defendant claimed that this item of $25
should have been applied on the bill of *Gould,* which would
have paid it in full and a little more, and that because he
purchased all the materials he had of *Gould* alone, the
plaintiff's firm could enforce no claim against him for
the price of any of the materials.    It is undisputed that the
plaintiffs owned the materials charged to the defendant in
their account.    That being so, they may maintain an action
for the price thereof.    *Gould* was in fact the agent of the
firm in making the sale.    It is quite immaterial that the de-
fendant supposed he was dealing with *Gould* alone, and did
not know that the firm owned any part of the materials
which he purchased.    In a case like this a principal may
avail himself of a contract made by an agent in his own
name, but really for the principal, although the party with
whom the agent contracts was unaware of the agency. *Stowell
v. Eldred,* 39 Wis., 614.

The defendant supposed that all of the materials pur-
chased by him constituted a single account, and that he was

indebted to *Gould* alone for the unpaid balance thereof. The effect of *Gould's* assignment of his account to the firm was to make such balance payable to the plaintiffs, instead of *Gould* alone. This being so, it seems quite immaterial whether payments be applied to one account or the other, as the application will not affect the aggregate balance due on both accounts. Hence, were it found that the $25 credited on plaintiffs' account should be applied on the other account, the fact would still remain that there is an unpaid balance on both accounts due the plaintiffs, equal to the sum which the plaintiffs have recovered. This alleged misapplication of the payment of $25 (if it has been misapplied) is not, therefore, a sufficient cause for a reversal of the judgment.

2. It is claimed that the finding that all the allegations of the complaint are true is insufficient. We think otherwise. Such a finding is but an application of the maxim, "*certum est quod certum reddi potest.*" It is impossible that any party to an action can be prejudiced by the use of this form of finding. It is a form in common use, and its sufficiency has always been recognized by this court. See *Demming v. Weston*, 15 Wis., 236; *Catlin v. Henton*, 9 Wis., 476; *Downer v. Sexton*, 17 Wis., 29.

3. The plaintiffs are entitled to recover full costs by virtue of the statute. *Weston v. Olsen*, 55 Wis., 613.

*By the Court.*— The judgment of the county court is affirmed.