POWERS vs. C. H. HAMILTON PAPER COMPANY and another, imp.

*December 15, 1883 — March 18, 1884.*

*(1, 2) Receiver for insolvent corporation: Previous fraudulent assignment. (2) Powers of receiver. (3) Assignee not a necessary party to action for receiver. (4) Jurisdiction of county court. (5) Continuance of corporation after forfeiture by insolvency.*

1. In an action under sec. 3216, R. S., against an insolvent corporation, for the appointment of a receiver, etc., the complaint is *held* to state a cause of action, although, in addition to the necessary averments, it alleges a previous voluntary assignment of all the property of the corporation for the benefit of its creditors, it

being further alleged that such assignment was made with intent to hinder, delay, and defraud the plaintiff and other creditors and that among the debts preferred were individual debts of the directors of the corporation.

2. The receiver appointed in such action has the same powers and functions as a receiver appointed in a creditor's suit, under sec. 3029, R. S., or in proceedings supplementary to execution, and may maintain an action against any person holding property of the corporation in secret trust for it, or which has been conveyed by it in fraud of its creditors.

3. The assignee was not made a party to the action for the appointment of a receiver, and no relief against the assignment was asked therein. *Held,* that there was no misjoinder of causes of action, and no defect of parties. It was optional with the plaintiff to make the assignee a party and litigate the validity of the assignment, or to leave the receiver (when appointed) to proceed in that behalf.

4. The validity of the assignment not being in question in the action for the appointment of the receiver, such action might be brought in a county court having civil jurisdiction, although the circuit court of the county, or the judge thereof, had supervision of the proceedings under the assignment.

5. Whether a forfeiture of the franchises of a corporation results *by operation of law,* without any judicial decree, from its insolvency for one year, under sec. 1763, R. S., is not determined. If so, the existence of the corporation is prolonged for three years by sec. 1764, R. S., for the purposes of an action under sec. 3216.

APPEALS from the County Court of *Milwaukee* County.

This action was brought in the Milwaukee county court under sec. 3216, R. S., against an insolvent corporation and its three directors, who, it is alleged, are the owners of all the capital stock of such corporation.

The complaint alleges the recovery of a judgment by the plaintiff against the defendant corporation; the issuing of an execution thereon; the return thereof on March 10, 1883, by the sheriff, unsatisfied, for want of property of such corporation on which to levy the same; the large indebtedness of the corporation to various persons, and *its insolvency;* and that the action is brought on behalf of all creditors who

JANUARY TERM, 1884.  25

Powers vs. C. H. Hamilton Paper Co. and another, imp.

may exhibit their claims and become parties to the action. It is further alleged that the corporation has property or equitable interests in things in action or other property, in its possession or under its control, or held by others in secret trust for it, exceeding $500 in value, which the plaintiff has been unable to discover, and concerning which the defendants refuse to disclose; and that the defendant stockholders have paid in but a small portion of their stock subscriptions, and each is indebted to the company for the unpaid balance of his subscription.

The complaint further states that on or about March 1, 1882, the corporation made a voluntary assignment for the benefit of its creditors (some of whose demands are preferred therein) to one Henry F. Hamilton, of all its property and effects of every description. The proceedings preliminary to such assignment, and those taken pursuant thereto, are stated at length, and are in form in accordance with the requirements of the statute in that behalf. R. S., 497, ch., 80. It is charged that such assignment was made with the intent on the part of the corporation and its directors to hinder, delay, and defraud the plaintiff and other creditors of the corporation, and for the purpose of securing to the directors thereof illegal and inequitable preferences. It is also charged that a debt of $1,800, preferred in the assignment, is in fact the individual debt of two of the directors.

The assignee is not made a party to this action, and no specific relief is demanded against him.

The demand for judgment is (1) that the defendant corporation be declared insolvent; (2) that all its property and effects be sequestered, and a receiver appointed with the usual powers; (3) that each of the defendant's stockholders be required to pay to such receiver the sum unpaid on his stock subscription; (4) for distribution of the proceeds of such property and effects among the creditors; (5) for costs; and (6) for general relief.

To this complaint the corporation and the defendant *Charles S. Hamilton* interposed separate demurrers, assigning substantially the same grounds of demurrer in each. These are: (1) The court has no jurisdiction of the defendant corporation; (2) it has no jurisdiction of the subject of the action; (3) there is a defect of parties, in that the assignee named in the complaint — Henry F. Hamilton (who is not made a party) — is a necessary party to the action; (4) several causes of action are improperly united; and (5) the complaint does not state facts sufficient to constitute a cause of action against the defendant so demurring thereto.

The county court overruled the demurrers, and the defendants who interposed them have taken separate appeals from the order overruling their respective demurrers.

The cause was submitted for the appellants on a brief signed by *Davis, Riess & Shepard.* They contended, *inter alia*, that it has been held that an assignee for creditors cannot sue to avoid his assignor's transfer in fraud of creditors, but only a creditor himself can do this. *Estabrook v. Messersmith*, 18 Wis., 545; *Hawks v. Pritzlaff*, 51 id., 160. It has likewise been held that a receiver, such as the plaintiff seeks to obtain, cannot sue a delinquent stockholder, but the latter must be joined as a defendant in the suit to sequestrate and compelled in *that* suit to pay. *Mann v. Pentz*, 3 N. Y., 415; *Adler v. Milwaukee P. B. M. Co.*, 13 Wis., 57. By parity of reasoning it follows that a receiver of an insolvent corporation cannot sue to avoid an assignment for creditors made by the corporation fraudulently, for the corporation itself could not maintain the suit.

*George P. Miller*, of counsel (with *Finches, Lynde & Miller*, attorneys), for the respondent, argued, among other things, that the receiver can sue to set aside conveyances fraudulently made by the corporation. *Att'y General v. Guardian Ins. Co.*, 77 N. Y., 275; *Gillett v. Moody*, 3 id.,

Powers vs. C. H. Hamilton Paper Co. and another, imp.

479; *Talmage v. Pell*, 7 id., 328. See, also, *Atchison v. Davidson*, 2 Pin., 48. The case of *Mann v. Pentz*, 3 N. Y., 415, has been overruled in *Winans v. McK. R. R. & Nav. Co.*, 6 Blatchf., 215, and *Dayton v. Borst*, 31 N. Y., 435. As to the jurisdiction of the county court, see *Strong v. Goldman*, 8 Biss., 552. There could be no forfeiture under sec. 1763, R. S., until decreed and declared by a court of competent jurisdiction. *Mickles v. Rochester City Bank*, 11 Paige, 118; *Pahquioque Bank v. Bethel Bank*, 36 Conn., 325; *Kincaid v. Devinelle*, 59 N. Y., 548; *Bradt v. Benedict*, 17 id., 93; *Boston Glass Co. v. Langdon*, 24 Pick., 49; *West v. Carolina Ins. Co.*, 31 Ark., 476; *Strong v. McCagg*, 55 Wis., 626. An assignment for the benefit of creditors on the part of a corporation is no dissolution or forfeiture of ·corporate franchises. *Boston Glass Co. v. Langdon*, 24 Pick., 49; *Revere v. Boston Copper Co.*, 15 id., 351; *New England. Iron Co. v. Gilbert E. R. R. Co.*, 91 N. Y., 153; *De Camp v. Alward*, 52 Ind., 468; *Strong v. Goldman*, 8 Biss., 552.

The following opinion was filed January 8, 1884:

LYON, J. 1. The complaint in this action was framed under sec. 3216, R. S., and the sections following, and contains all the averments necessary to show a cause of action under that statute, if the allegations concerning the voluntary assignment by the defendant corporation be rejected. This is freely conceded by the learned counsel for appellants. Hence, the only question on the general demurrer is, Does the complaint with those allegations in it fail to state a cause of action, when, were those allegations omitted, it would state a cause of action?

The basis of the argument of the learned counsel for the appellants in support of an affirmative answer to this question seems to be that all of the property, effects, and rights of the corporation has already passed to and is vested in the assignee, and hence there is nothing left to sequester, and a

receiver can do nothing to aid the plaintiff and other creditors of the corporation in the collection of their debts. This argument assumes, not only a valid assignment, but that the powers and functions of the receiver are no broader than those of the assignee.

In the first place, the facts stated in the complaint show that the assignment is fraudulent as against the unpreferred creditors of the corporation (the plaintiff being one of them), and is therefore invalid as against such creditors. It matters little whether it is absolutely void or only voidable. Surely, no more flagrant fraud upon creditors could be committed in a voluntary assignment made in view of insolvency, than to prefer debts owing by a third party, and provide for paying the same out of the insolvent estate before the creditors of the insolvent would be entitled to receive anything. The complaint charges that this was done in the assignment made by the corporation.

In the next place, the ordinary powers and functions of a receiver appointed in an action against an insolvent corporation, brought under sec. 3216, R. S., are far more extensive than those of an assignee in a voluntary assignment. Such an action is a substitute for the ordinary creditor's bill, and may afford a larger and more complete remedy, in that it necessarily inures to the benefit of all the creditors. Indeed, until an action is brought under sec. 3216 by some creditor, any judgment creditor, after execution returned unsatisfied, may maintain an ordinary creditor's suit in his own behalf against the corporation, and may prosecute the same until some other judgment creditor brings an action under sec. 3216, and obtains an injunction under sec. 3227, restraining proceedings in the creditor's suit. If no injunction is served, the latter suit may proceed to judgment. *Ballston Spa Bank v. Marine Bank*, 18 Wis., 490; *Pierce v. Milwaukee Const. Co.*, 38 Wis., 253.

The analogy between these two actions is so close that in

the latter case, which was a creditor's suit proper, two amendments to the complaint were suggested, and it was held that, when so amended, the complaint would be good under the statute corresponding with sec. 3216. Because of the similarity of the two actions, and more especially because the action under sec. 3216 is a substitute for and accomplishes all that a creditor's suit can accomplish, we do not hesitate to hold that a receiver appointed in an action under that section has, at least, the powers, and may perform the functions, of a receiver in a creditor's suit proper, or on proceedings supplementary to execution pursuant to R. S., 792, ch. 131. It is believed that the powers and functions of a receiver are the same whether appointed pursuant to subd. 3, sec. 2787, in a creditor's suit brought under sec. 3029, or in proceedings supplementary to execution, which are but a substitute for the creditor's suit in equity. *Kellogg v. Coller*, 47 Wis., 649.

In Edwards on Receivers it is said that "a receiver appointed under the Code does not stand merely in the place of the debtor. While he represents the interests of the former, he also represents those of the creditors. He is trustee for all parties; and is bound to apply the effects of the debtor faithfully to the payment of the debts according to their legal or equitable priorities; and if anything remains, to restore it to the debtor or his grantee. It is true that he has no power to set aside legal and valid acts of the debtor; but such as are illegal and forbidden by law he can successfully assail." Page 365; 2 Story's Eq. Jur., § 829. And so our statute (sec. 3035) provides that in supplementary proceedings, "if it appear that any person alleged to have property of the judgment debtor, or to be indebted to him, claims an interest in the property adverse to him, or denies the debt, such interest or debt shall be recoverable *only* in an action against such person by the receiver." That such a claim is also recoverable without the aid of a statute,

in an action brought by a receiver appointed in a creditor's suit, we cannot doubt.

The foregoing views bring us to the conclusion that a receiver appointed in this action may, under the direction of the court, maintain an action against any person holding any property of the defendant corporation in secret trust for it, or any property which has been conveyed by it in fraud of its creditors. The complaint abundantly alleges that there is property of both classes which ought to be applied to the payment of the debts of the corporation.

On the other hand, the assignee has no such powers. His functions are much more limited. He represents the assignor only; and, inasmuch as the assignor cannot maintain an action to recover property which it had theretofore conveyed or assigned in fraud of its creditors, its assignee cannot, because no title thereto passed to him under the assignment. *Estabrook v. Messersmith*, 18 Wis., 545, and cases cited; *Hawks v. Pritzlaff*, 51 Wis., 160.

We are of the opinion, therefore, that the complaint states a cause of action for relief under sec. 3216, R. S., and that the same is not destroyed, but rather strengthened, by the averments in respect to the voluntary assignment. These averments might have been safely omitted, yet they are very proper in a creditor's bill to show fraud by the judgment debtor, and, in proper cases, the necessity for a discovery. We have already seen that this action is a substitute for a creditor's suit proper, and is governed by the same rules.

2. The allegations in respect to the assignment do not constitute a cause of action against the defendants, although they may show a cause of action by the receiver (when one shall be appointed) against the assignee. It was optional with the plaintiff to make the assignee a party to this action and litigate herein the validity of the assignment, or to leave the receiver (when appointed) to proceed in that behalf.

The alternative is thus stated by Chancellor WALWORTH in *Parker v. Browning*, 8 Paige, 388: "If the property is in possession of a third person who claims the right to retain it, the receiver must either proceed by suit in the ordinary way to try his right to it, or the complainant should make such third person a party to the suit, and apply to have the receivership extended to the property in his hands, so that an order for the delivery of the property may be made which will be binding upon him, and which may be enforced by process of contempt if it is not obeyed." Page 391. The plaintiff has elected to pursue the course first above indicated by the chancellor, and so has not made the assignee a party nor claimed any relief against the assignment. It is manifest that we have here no misjoinder of causes of action, and no defect of parties because of the non-joinder of the assignee as a defendant.

3. The defendant corporation became insolvent and assigned its effects and suspended business more than a year before this action was commenced. The insolvency is alleged to have existed March 1, 1882, and the plaintiff's execution was returned more than a year later — that is, on March 10, 1883. While we do not on demurrer look beyond the pleading to find when the action was commenced, *(Zægel v. Kuster*, 51 Wis., 31), yet, inasmuch as the return of the execution is the basis of the action, it sufficiently appears from the complaint itself that the insolvency existed more than a year before the action was brought. It is argued that because ·such insolvency for one year operates under the statute (R. S., sec. 1763) as a surrender by the corporation of its rights, privileges, and franchises, the corporation had ceased to exist when the action was commenced, and hence could not be sued. Without pausing to determine whether (as claimed by the learned counsel for the plaintiff) there can be any forfeiture of the charter of a corporation until the same is decreed by a competent court,

we think in any event sec. 1764 keeps the corporation alive for the purposes of this action three years after forfeiture or surrender of its franchises.

4. The only remaining objection to the validity of the complaint is that because the circuit court, or the judge thereof, has supervision of the proceedings under the assignment, (R. S., sec. 1693), the county court in which this action was brought has no jurisdiction therein, inasmuch as the validity of the assignment is challenged, and may become the subject of controversy in the action. We think the question is not in the case. It may arise should the receiver, when appointed, bring an action in the county court against the assignee to test the validity of the assignment. Until that time we do not perceive how the question can arise, and therefore we do not pass upon it. As already observed, if all the averments concerning the assignment be eliminated, the complaint will still state a cause of action.

We conclude that the demurrers were properly overruled.
*By the Court.*— Order affirmed.[1]

Upon a motion for a rehearing, counsel for the appellant argued, among other things, that an assignment otherwise good is not wholly invalidated by a fraudulent preference, as assumed in the opinion, but is bad only as to that debt. *Hardcastle v. Fisher*, 24 Mo., 70; *Anderson v. Hooks*, 9 Ala., 710; *Green v. Branch Bank*, 33 id., 646; *Doe v. Brannock*, 10 Ired. Law, 430; *Den v. De Graffenreid*, 11 id., 93; *Bil-*

---

[1] LYON, J. Since the above opinion was filed our attention has been directed to ch. 170, Laws of 1882, which enlarges the functions of an assignee in a voluntary assignment for the benefit of creditors. What is said on that subject in the opinion must, therefore, be considered as modified in so far as that statute changes the former law. For reasons suggested in the opinion, the fact that the functions of the assignee have been thus enlarged is no ground for holding that this action cannot be maintained. The judgment is believed to be right notwithstanding ch. 170, Laws of 1882.

*lups v. Sears,* 5 Gratt. (Va.), 37; *Mackintosh v. Corner,* 33 Md., 607; *Hollister v. Lowd,* 2 Mich., 323; *Nye v. Van Husan,* 6 id., 347; *Prince v. Shepard,* 9 Pick., 184; *Nightingale v. Harris,* 6 R. I., 332; *Harvey's Adm'r v. Steptoe's Adm'r,* 17 Gratt. (Va.), 309. In New York the cases of *Fiedler v. Day,* 2 Sandf., 596, and cases cited therein, and *Jacobs v. Remsen,* 36 N. Y., 671, sanction the doctrine that an assignment void in part is void *in toto;* while the following cases, on the other hand, are more or less in accord with the rule above stated: *Kemp v. Carnley,* 3 Duer, 7; *Nicholson v. Leavitt,* 4 Sandf., 303; *Curtiss v. Leavitt,* 15 N. Y., 96; *Kavanagh v. Beckwith,* 44 Barb., 195. See, also, Burrill on Assignments (4th ed.), secs. 117, 118. It is to be observed that the New York statute has no such provision as ours (sec. 1699, R. S.), empowering both assignee and creditors to contest the validity of any claim proved. Counsel also called attention to ch. 170, Laws of 1882, relating to the powers of an assignee.

The motion was denied March 18, 1884.