SLEEPER, Respondent, vs. GOODWIN, imp., Appellant.

*December 15, 1886 — January 11, 1887.*

CORPORATIONS: STOCKHOLDERS: LIABILITY FOR DEBTS TO EMPLOYEES. *(1) Dissolution. (2) Limitation of actions. (3) Judgment against corporation: Parties. (4) Constitutional law. (5) Additional liability. (6, 7) Voluntary assignment: Evidence as to assets: Waiver of claim by presentation to assignee. (8) Who is a servant? Foreman. (9) Application of payments. (10) Stock held as security.*

| 67 | 577 |
| --- | --- |
| 76 | 257 |
| 67 | 577 |
| 87 | 220 |
| 67 | 577 |
| 89 | 309 |
| 67 | 577 |
| 93 | 610 |
| 67 | 577 |
| 96 | 519 |
| 97 | 229 |
| 67 | 577 |
| 100 | 212 |
| 67 | 577 |
| 105 | 102 |
| 67 | 577 |
| f106 | 274 |

1. The mere dissolution of a corporation by its own voluntary act or by its ceasing to act as a corporation does not relieve the stockholders from liability under sec. 1769, R. S., for debts due to its clerks, servants, and laborers.

2. The action to enforce such liability, where the corporation has ceased to do business for lack of funds or for other causes not mentioned in sec. 1764, R. S., is not limited to three years by said sec. 1764. *It seems* that the limitation in such case is that prescribed by subd. 4, sec. 4222, R. S.

3. A judgment against the corporation is not a condition precedent to an action against the stockholders under sec. 1769, R. S. [Whether the corporation must be made a party to such action, not determined.]

4. The legislature may fix the liabilities of all the stockholders of an existing corporation as to all debts of the corporation contracted after the enactment of the law fixing such liability.

5. The liability created by sec. 1769, R. S., is in addition to the liability of stockholders for the amount unpaid on their stock under secs. 1751, 1756, R. S.

6. In an action under sec. 1769, R. S., against the stockholders of a corporation which has assigned all its property for the benefit of creditors, it may be shown that the corporation has no property or effects in the hands of the assignee, and, that fact appearing, the court may proceed to ascertain the respective liabilities of the stockholders and to enforce the same, without appointing a receiver or staying proceedings to ascertain whether any dividend to creditors would be made by the assignee. R. S. sec. 3224.

7. The presentation of the plaintiff's claim in such a manner as to have entitled him to a dividend in case the assignee had any assets, is not a waiver of his claim against the stockholders.

VOL. 67 — 37

8. The superintendent or foreman of the works of a manufacturing corporation, though he does not perform any manual labor, is a *servant* of the corporation within the meaning of sec. 1769, R. S.

9. A partial payment of the amount due to a servant for wages, if no particular application thereof be made by either party, will be held to apply in payment of the wages first earned.

10. If stock in a corporation is held by a person in his own name, and it appears on the books to be so held, he is liable thereon as a stockholder, under sec. 1769, R. S., whether he holds it as collateral security or as his absolute property.

APPEAL from the Circuit Court for *Sauk* County.

The case is stated in the opinion. The defendant *Goodwin* appealed from a judgment in favor of the plaintiff.

*E. Hurlbut* and *G. B. Robinson*, for the appellant, contended, *inter alia*, that by the assignment the end and design of the corporation were completely determined, and such determination was a dissolution of the corporation *ipso facto*. *Slee v. Bloom*, 19 Johns. 473–477; *Gray v. Coffin*, 9 Cush. 192, 203–4; *Bruce v. Platt*, 80 N. Y. 379. The corporation existed thereafter only for the purpose of closing up its business, and for the period of three years; and the action in which judgment was rendered against it not having been commenced within such three years, said judgment was void and furnished no foundation for this action. R. S. sec. 1764; *Thornton v. M. F. R. Co.* 123 Mass. 32; *Van Glahn v. De Rossett*, 81 N. C. 467. The complaint does not show that any of the stockholders are owners of shares that are not wholly paid up, or any other fact that makes them liable beyond the amount of their stock. Sec. 1769, R. S., was not intended to increase the liability of the stockholders, but only to provide that they may be called upon directly to satisfy certain debts of the corporation out of that for which they are still liable to the corporation. *Schricker v. Ridings*, 65 Mo. 208; *Weber v. Fickey*, 47 Md. 196; *Gray v. Coffin*, 9 Cush. 192, 199; *Chase v. Lord*, 77 N. Y. 1. It was error to permit the assignee to be asked what

property he had in his hands as assignee of the company. The plaintiff's right to bring this action could only be shown by evidence that an execution on his former judgment was returned unsatisfied. The plaintiff was not a clerk, laborer, or servant within the meaning of the statute. *Wakefield v. Fargo*, 90 N. Y. 213; *State ex rel. Peck v. Rusk*, 55 Wis. 465; *Lang v. Simmons*, 64 id. 525, and cases cited. Plaintiff's claim filed against the assets in the hands of the assignee bars him from prosecuting such claim in any other way. *State Bank v. Corwith*, 6 Wis. 551, 577. The stock held by the appellant was not *owned* by him; and the statute, being in derogation of the common law, is *strictissimi juris* and its effect cannot be extended beyond its literal terms.

For the respondent there was a brief by *Pinney & Sanborn* and *John M. Olin*, and oral argument by *Mr. Sanborn*. They argued, among other things: 1. One to whom stock has been transferred as collateral security, and who appears on the books of the corporation as the owner of the stock, is liable as a stockholder for the benefit of creditors. *National Bank v. Case*, 99 U. S. 628; *Adderly v. Storm*, 6 Hill, 624; *Rosevelt v. Brown*, 11 N. Y. 148; *Holyoke Bank v. Burnham*, 11 Cush. 183; *Magruder v. Colston*, 44 Md. 349; *Crease v. Babcock*, 10 Met. 525; *Wheelock v. Kost*, 77 Ill. 296; *Hale v. Walker*, 31 Iowa, 344; *Bowden v. Farmers' & M. Bank*, 1 Hughes, 307; *Vail v. Hamilton*, 85 N. Y. 453; *Brewster v. Sime*, 42 Cal. 139; *McCalla v. Clark*, 55 Ga. 53; *Aultman's Appeal*, 98 Pa. St. 516; *Griswold v. Seligman*, 72 Mo. 110; *Fisher v. Seligman*, 75 id. 13; *Franklin Bank v. Comm. Bank*, 36 Ohio St. 350; *In re Tahiti Cotton Co.* L. R. 17 Eq. 273; *Barre Nat. Bank v. Hingham M. Co.* 127 Mass. 563, 571. As to the shares transferred by the appellant, the transfer not having been recorded on the books, his liability to creditors continues. *Application of Murphy*, 51 Wis. 519; *National Bank v. Case*, 99 U. S. 628; *Shelling-*

*ton v. Howland*, 53 N. Y. 371; *Arzbacher v. Mayer*, 53 Wis. 380; Thompson on Stockholders, sec. 217. Having voted on thirty shares, and otherwise held himself out as a stockholder, the appellant is estopped to deny that he is such. Colebrooke on Collateral Securities, 370. 2. The plaintiff was a *servant* of the corporation. *Hovey v. Ten Broeck*, 3 Rob. (N. Y.), 316; *Harris v. Norvell*, 1 Abb. N. C. 127; *Conant v. Van Schaick*, 24 Barb. 87; *Williamson v. Wadsworth*, 49 id. 294; *Vincent v. Bamford*, 42 How. Pr. 109; *Short v. Medberry*, 29 Hun, 39. 3. As to the constitutionality of sec. 1769, R. S., see *Sherman v. Smith*, 1 Black, 587; *West Wis. R. Co. v. Sup'rs Trempealeau Co.* 35 Wis. 257, 271; *Att'y Gen. v. Railroad Cos.* id. 425, 575; *In re Empire City Bank*, 18 N. Y. 199; Taylor on Corp. sec. 500; Thompson on Stockholders, secs. 65–67; *Gray v. Coffin*, 9 Cush. 192; *Coffin v. Rich*, 45 Me. 507; *Stanley v. Stanley*, 26 id. 191.

TAYLOR, J. This action was brought by the respondent, as a creditor of the Wonewoc Manufacturing Company, to enforce the liability of *Ira D. Goodwin* and others, who are alleged to be stockholders of said company, under the provisions of sec. 1769, R. S. 1878. Said section, so far as it has any bearing on this case, reads as follows: "The stockholders of every corporation, other than railroad corporations, shall be personally liable to an amount equal to the stock owned by them respectively in such corporation, for all debts which may be due and owing to its clerks, servants, and laborers for services performed for such corporation, but not exceeding six months' service in any one case."

The action is brought by the respondent on his own behalf, as well as on the behalf of all other creditors of the said corporation having similar claims against said stockholders; and it is also brought against all the stockholders

of said corporation at the time it ceased to do business as a corporation. The complaint alleges that the plaintiff worked for the corporation as a laborer or servant from February 5, 1878, to February 6, 1880, at which time the corporation was indebted to him in the sum of $318.74 for such labor and services, and that this sum was due and earned within a period of six months immediately preceding February 6, 1880; that on April 19, 1884, he commenced an action against the corporation to recover the debt so due to him, and that in such action he recovered judgment against said corporation for the amount of his said debt and interest, amounting in all to the sum of $412.81, together with $61.37 costs of such action; that execution was issued on said judgment, and returned wholly unsatisfied on May 2, 1884. The complaint then alleges that on February 5, 1880, the said corporation was in embarrassed financial circumstances, and was indebted in the sum of $76,000; that on February 6, 1880, said corporation duly assigned, for the benefit of its creditors, all its property, of every kind and nature, to one Duane Mowry as assignee; that such assignment was made in conformity with the laws of this state on the subject of voluntary assignments; that said assignee took possession of all the property of said corporation, and has converted the same into money; that said corporation has no property or effects of any kind, except such as are in the hands of said assignee; and that said assignee has not yet made a final report of his proceedings.

The complaint further alleges that, at the time of incurring the said indebtedness to the plaintiff, and down to the present time, and at the date of the commencement of this action, the said appellant *Ira D. Goodwin* was a stockholder in said corporation, holding fifty shares of stock therein, of the par value of $5,000. It also alleges that the whole capital stock of said corporation was $75,000, and that certain

other persons named in the complaint were also stockholders, holding stock to the amount of $11,700; and further alleges, upon information and belief, that there was a large amount of stock issued and sold by said corporation, the names of the holders of which are unknown to the plaintiff, whom he prays may be discovered and be made parties to this action. The prayer for relief is as follows: " Wherefore the plaintiff demands judgment for the discovery of all persons who may be stockholders of said defendant corporation, and that when so discovered they may be made parties to this action; that the said defendants who are stockholders of the said Wonewoc Manufacturing Company may be adjudged and decreed to pay into court an amount equal to the amount of the capital stock of said corporation held by them, respectively, or so much thereof as may be necessary to discharge the sum of $474.18, with interest from the 23d of April, 1884, together with $2.75 costs of said execution and return; and that the plaintiff may have such further and other relief in the premises as shall be just, together with costs."

The answer of the appellant, *Goodwin*, admits the incorporation of the Wonewoc Manufacturing Company, but with a capital stock of but $30,000; that said corporation acted as a corporation from 1877 down to the 6th of February, 1880; that on that day the corporation duly assigned to one Duane Mowry all the property of the corporation for the benefit of its creditors; that said Mowry entered into possession as such assignee, and has not yet made his final report; and that said corporation has no property or effects other than those in the possession of such assignee. This is followed by a general denial of all the other allegations in the complaint. The answer then sets up, in abatement of the plaintiff's action, facts showing that the plaintiff duly presented and filed his claim, duly verified, with the clerk of the circuit court of Juneau county, so as to entitle him to a dividend from the assets of the corporation in the

hands of the assignee.  He further answers, as a defense to the plaintiff's action, that the corporation has owned no property and done no business as a corporation since February 6, 1880; and that the action of the plaintiff, commenced on April 19, 1884, was not commenced within the time limited by law.  And, as a further defense, he sets out facts tending to show that he never was a stockholder in said corporation; and, if any stock appeared to be held by him, it was only held as collateral security for a debt due from one E. C. Gage to him.

The case was tried by the court.  On the trial the appellant objected to the reception of any evidence in support of the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.  This was overruled, and exception taken.  On the trial the court found in favor of the respondent and against the appellant, as well as against some of the other alleged stockholders named in the complaint, and rendered judgment requiring them to pay into court a sum sufficient to satisfy the claim of the respondent, with interest and costs.

Upon the hearing of the appeal in this court the learned counsel for the appellant assigns for errors:

*First*, that the court erred in admitting any evidence under the complaint.  Under this assignment, several reasons are presented why the complaint fails to state a cause of action.  To this assignment of error the main argument of counsel was directed.  The first reason, as we understand it, is that the assignment set out in the complaint, showing that all the property and assets of the company had been assigned to an assignee for the benefit of creditors, February 6, 1880, showed conclusively that the corporation was dissolved, and consequently thereafter no action could be maintained against the corporation after such dissolution, or against its stockholders,— at all events, not after the expira-

tion of three years from the date of such assignment.    See
sec. 1764, R. S. 1878.

We think it very evident that the mere dissolution of the
corporation by its own voluntary act or by its ceasing to act
as a corporation, cannot have the effect to destroy the rights
of the plaintiff against the stockholders under the section of
the statute above quoted.    If the mere dissolution of the
corporation destroyed the rights of the creditors to pursue
the stockholders for the kind of claims mentioned in said
section, then, whenever the corporation ceased to exist by
the expiration of its charter, or when it was dissolved by the
voluntary acts of the stockholders in the manner prescribed
by sec. 1789, all rights of the creditors under said section
giving a remedy against the stockholders would be lost.    It
is very evident that such a construction of the statute can-
not be sustained.    It is in just such a condition of the cor-
poration that the benefit of the statute is of the most
importance to such class of creditors.    The remedy given by
the statute would not be likely to be pursued against a cor-
poration which was carrying on its usual business affairs;
and it is only when its business affairs are embarrassed by
debts that it is unable to pay and which compel a suspension
of its business, that this unusual remedy is likely to be insti-
tuted or would be beneficial to the creditors.

But it is said if the mere suspension of the business of the
corporation and an assignment of all its property for the
benefit of its creditors is not a bar to an action of this kind,
yet, when such suspension has existed for more than three
years given by sec. 1764, R. S., for winding up its affairs,
then no action can be maintained against such corporation
or against its stockholders under said sec. 1769.    We do
not think the provisions of sec. 1764 apply to a case of the
kind presented by the record in this case.    That section is
limited to cases where the corporation expires by its own

limitation, or is dissolved voluntarily as provided by said sec. 1789, or by its articles of association, or shall be annulled by forfeiture or otherwise. The section does not seem to apply to a corporation which has simply ceased to do business for want of funds or for other causes not mentioned in said section. Sec. 1763 declares that a corporation which shall have remained insolvent, or have neglected or refused to pay and discharge its notes or other evidences of debt, or shall have suspended its ordinary business for one whole year, shall be deemed to have surrendered the rights, privileges, and franchises granted or acquired under any law, and shall be adjudged to be dissolved. Very clearly, this section was not intended to declare that such corporation should *ipso facto* be dissolved by such neglect, so that no action could thereafter be maintained against it, and that all the rights of its creditors against it should be barred except the right to proceed against it to have it adjudged dissolved. It is simply an act declaring a cause for its dissolution in a lawful way, and not declaring the fact of its dissolution for all purposes. See *Strong v. McCagg*, 55 Wis. 624.

The action given to a creditor against a stockholder by sec. 1769 is an action which clearly does not depend upon the continued existence or the life of the corporation, but upon the fact that the indebtedness was incurred during its life. In *Kincaid v. Dwinelle*, 59 N. Y. 548, in an action against a stockholder under a similar act to ours, for a debt due for the wages of a laborer or a servant, and when the act required the creditor to first obtain a judgment against the corporation as a condition precedent to maintaining an action against the stockholder, it was insisted that the action could not be maintained, because, at the time the creditor commenced his action against the corporation, the corporation had been *ipso facto* dissolved by an action against it and the appointment of a receiver in that action.

Justice ALLEN, who delivered the opinion, said: "The judgment against the corporation is of no virtue or effect against the stockholder, and is only evidence as proving the performance of the condition precedent. If, therefore, the judgment was valid, the condition was performed; if it was a nullity because there was no corporation in existence after the appointment of the receiver, the condition was impossible of performance, and was of no force, and the right of the plaintiff to his action was perfect. Any other rule would give to stockholders of a corporation laboring under pecuniary embarrassment a very easy way of escape from statutory liabilities, and would make the security intended by the personal liability clause of the act for the formation of manufacturing corporations, for services performed for the corporation by laborers, servants, and apprentices, a sham, a cheat, rather than a substantial benefit." In that case it was further held that the fact that a corporation ceased to do business, or had its property in the custody of the law, did not of itself dissolve it so that no action could be maintained against it by a creditor; but it is a clear case for holding the stockholder liable, though the corporation was in fact dissolved.

If there be a defense to the action of the creditor under said sec. 1769, R. S., by lapse of time, it must be some limitation prescribed by law, and such statute of limitations would begin to run in favor of the stockholder from the date when the creditor could first have maintained his action under said section. This limitation would seem to be prescribed by subd. 4, sec. 4222, which provides that an action upon a liability created by statute must be brought within six years after the right of action accrues when a different limitation is not prescribed by law.

Under our statute there is probably no necessity for obtaining a judgment against the corporation as a condition precedent to maintaining an action against a stockholder.

No such condition is mentioned in the statute giving the remedy, and there does not seem to be any good reason for requiring it, especially when the corporation has ceased to do business and all its property is in the hands of an assignee.

The action is one given by the statute to a particular class of creditors of a corporation, and there is no express statute which provides for the form of the remedy. In such case the courts must determine what the form shall be. The only sections of the statute which seem to refer specially to an action of this kind are secs. 3223, 3224, R. S. 1878. Said sections read as follows:

"Section 3223. Whenever any creditor of *any* corporation shall seek to charge the directors or other officers or stockholders thereof on account of any liability created by law, he may commence and maintain an action for that purpose in the circuit court, *and may at his election join the corporation in such action.*

"Section 3224. The court shall proceed therein as in other cases, and when *necessary* shall cause an account to be taken of the property and debts due to and from such corporation, and shall appoint one or more receivers, who shall possess all the powers conferred and be subject to all the obligations imposed on receivers by the provisions of section 3219; but if upon the filing of the answer or upon the taking of such account, it shall appear that the corporation is insolvent, and that it has no property or effects to satisfy such creditor, the court may proceed without appointing any receiver to ascertain the respective liabilities of such directors, trustees, or other officers and stockholders, and enforce the same by its judgment as in other cases."

These sections do not declare what kind of action may be maintained by a creditor to enforce a statutory claim against a stockholder, but they designate the court in which the action must be brought, and allow the corporation to

be made a party or not at the option of plaintiff in the first instance; and they also provide that when necessary an account shall be taken of the assets and debts of the corporation, and for the appointment of a receiver when necessary; and they also provide that when there are no assets of the corporation to satisfy the creditor, no receiver need be appointed, and the court shall at once determine the liability of the stockholders, and enforce the same by judgment as in other cases.

These sections are secs. 27, 28, 29, ch. 148, R. S. 1858, amended.    Sec. 27 is amended by changing the word " a " to " any " in the first line, and by adding the words " and may at his election join the corporation in such action." Secs. 28 and 29 are now included in sec. 3224, R. S. 1878, without any material change.

This court at an early day determined that an action to enforce a statutory liability against the stockholders of a corporation should be an action in equity, in which the plaintiff should proceed on his own behalf and also in the behalf of all other creditors having similar claims, against all the stockholders who were liable to them under the law; and that the corporation should be made a party to such action, unless it has been dissolved or its assets have been wholly exhausted.    See *Coleman v. White,* 14 Wis. 700; *Cleveland v. Marine Bank,* 17 Wis. 545; *Merchants' Bank v. Chandler,* 19 Wis. 434; *Terry v. Chandler,* 23 Wis. 456; *Adler v. Milwaukee P. B. Manuf'g Co.* 13 Wis. 57; *Pierce v. Milwaukee Con. Co.* 38 Wis. 253; *Nazro v. Merchants' Mut. Ins. Co.* 14 Wis. 295; *Cleveland v. Burnham,* 55 Wis. 598; *Powers v. C. H. Hamilton Paper Co.* 60 Wis. 23.    These decisions were made under the provisions of ch. 148, R. S. 1858, and Chief Justice Dixon, in his opinion in *Coleman v. White,* says that secs. 21 and 32 of said chapter clearly refer to proceedings of this character.    *Coleman v. White* was a case against a bank, a moneyed corporation, and the sec-

tions referred to in ch. 148 clearly related to moneyed corporations. By the amendment made in sec. 27 by sec. 3223, R. S. 1878, it is evident that section, as well as sec. 3224, now relates to corporations of all kinds, whether moneyed or otherwise. The cases decided by this court also related to actions which were given to all the creditors of the corporation, and not to a class of such creditors. What was said in these cases, therefore, as to the necessity of joining the corporation as a party, may or may not be applicable to an action which is peculiar to only a part of the creditors of the corporation; and whether the corporation should be made a party to an action under said sec. 1769 will depend upon the circumstances of the case. In the case at bar the corporation was made a party defendant, so that there is no objection to the complaint on that ground.

Another objection to the complaint is that the stockholders of this corporation are not bound by the provisions of said sec. 1769, because the corporation was organized before the personal liability of stockholders was declared by the law of 1878. It is clear to us that this objection cannot be sustained. It is said that it is unconstitutional to increase the liabilities of the stockholders of a corporation by a law passed after its organization. We are clearly of the opinion that the legislature has, under our constitution, the undoubted right to fix the liabilities of all the stockholders of an existing corporation, as to all debts of the corporation contracted after the law fixing such liability is enacted. After the exhaustive examination this question has received by this court in the railroad cases ( *West Wis. R. Co. v. Sup'rs Trempealeau Co.* 35 Wis. 257; *Attorney General v. Railroad Cos.* 35 Wis. 425, 575), it would be superfluous labor to discuss the question again in this opinion. Upon this point, see, also, the other cases cited in the brief of the learned counsel for the respondent. It is hardly necessary to say that the liability created by sec. 1769, R. S., is not

the same as the liability created by secs. 1751 and 1756. Sec. 1769 clearly creates an additional liability of the stockholders for the benefit of a class of special creditors.

We think the complaint is sufficient, and states a cause of action against the stockholders.

The second and fourth assignments of errors relate to the findings and proofs as to whether the corporation had any property in the hands of the assignee which could be applied to the payment of the plaintiff's claim. We think the evidence was not only admissible, but that the court properly found that there was no property or effects of the corporation to satisfy the claims of the plaintiff, within the meaning of said sec. 3224, R. S., and fully justified the court in ascertaining the respective liabilities of the stockholders and enforcing the same by judgment, without the appointment of a receiver or a stay of proceedings until it could be ascertained if there would be any dividend made to the creditors by the assignee; and that, upon the facts proved on the trial, the complaint would have been sustained had the plaintiff proceeded without making the corporation a party, as he might have done under the provisions of sec. 3223, R. S.

The third exception relates to the proof of a judgment against the corporation. In the view of the case we have taken, the plaintiff need not have proved a judgment against the corporation in order to maintain his action. In fact, he did not rely upon his judgment, but made proof on the trial of the nature and amount of his claim independent of the judgment.

The fifth error assigned is that the proofs do not support the finding that the plaintiff's claim, or any part of it, was for services as a " clerk, servant, or laborer " for said corporation. The proofs show that the plaintiff was employed as a master mechanic or machinist for a year and a half, and down to August, 1879; and from that time to the time the

corporation ceased to do business he was employed "to superintend the works, inspect material bought, hired and discharged men, was called superintendent or foreman of the works, kept the time of the men, inspected the work done," etc.   He was neither a director nor officer of the company.   His pay for the last six months was three dollars per day.   We are of the opinion that the plaintiff was a servant or laborer, within the meaning of the law.

In New York, under a statute which gives a similar right of action to "a laborer, servant, or apprentice," in *Wakefield v. Fargo*, 90 N. Y. 213, it was held that one engaged as a book-keeper and general manager at an annual salary, was not a "laborer, servant, or apprentice" within the meaning of the act.   Considerable stress was given to the fact that he was employed at an annual salary, and that the services referred to by the act were menial or manual services by one of a class who look to the reward of a day's labor for immediate or present support.   It was also urged that, the word "servant" being connected only with the words "laborer and apprentice," it could not properly extend to a higher grade of service than was usually performed by a laborer or apprentice.   In our statute we have the word "clerk," instead of "apprentice," showing clearly that it was intended to secure the benefits of the act to servants and laborers who are not usually termed either menial servants or manual laborers in the ordinary sense of these terms.   In fact, it can hardly be said that a corporation, as such, could have menial servants.   A clerk is not a menial servant nor, as ordinarily understood, a manual laborer.   Under our statute, therefore, it cannot be said that it was intended to restrict the claimants to such as performed manual labor only; and a foreman in a manufacturing corporation, although he may not perform manual labor, is, within the spirit of the law as well as within the letter, a servant of the corporation.   See the cases cited by the learned counsel for the respondent in their brief.

The case of *State ex rel. Peck v. Rusk*, 55 Wis. 465, was decided upon the peculiar circumstances under which the act was passed, and the construction of the word "laborer" in that case, confining it to persons performing ordinary manual labor in constructing a railroad, was sustained on special grounds appearing on the face of the act, and was not intended as a general definition of the word to be given it in all cases.

The sixth assignment of error, that the evidence did not show that there was $318.74 due the plaintiff for services performed within the six months next previous to the 6th of February, 1880, is founded upon the fact that the corporation paid him, within said six months, $205.40, which the plaintiff had not credited on his wages earned within said six months, but had credited it on his wages earned before that date. The evidence shows that the company kept a running account of the wages of the plaintiff, and of the payments made. No particular application of that $205.40 paid within said six months was made by either party at the time the payments were made, and so, under the general rule, it should be applied in payment of the wages first earned. This is the general rule in such cases, and we see no reason for changing it for the relief of the stockholder. See *Hannan v. Engelmann*, 49 Wis. 278; *Jenkins v. Gunnison*, 50 Wis. 388; *Badger v. Daenieke*, 56 Wis. 678. It will be seen by reading the statute that it does not, in express terms, declare that the wages for six months which are secured to the laborer, etc., by this act, must be for wages earned in the last six months of services.

The seventh, eighth, and ninth assignments of error relate to the question as to whether the evidence showed that the appellant *Goodwin* was a stockholder of the company when the debt accrued to the plaintiff and when the corporation ceased to do business. We think the evidence was very satisfactory on that point. The books of the corporation showed the stock standing in his name, and the evidence

showed that he had voted on the stock; and the appellant himself admits that it stood in his name, and that he held it as collateral security for a debt owing him by Gage. Whether he held it absolutely as his property, or whether he held it as security, if it was held in his name, and appeared to be so held on the books of the corporation, it is immaterial whether he held it as security or as absolute owner. See *In re Murphy*, 51 Wis. 519; *National Bank v. Case*, 99 U. S. 628; *Pullman v. Upton*, 96 U. S. 328; and numerous other cases cited in the respondent's brief.

The presentation of the plaintiff's claim for wages in such manner as to entitle him to have received a dividend from the assignee in case he had any assets, is clearly no waiver of his claim against the stockholders. It is no more a waiver of his right to recover of the stockholders than it would be to obtain a judgment against the corporation and seek to obtain his pay on execution against it. If it be the law that the stockholders are only ultimately liable, as between themselves and the other creditors of the corporation, for this claim, after deducting any dividend which might be made of the assets of the corporation by the assignee, then it was the duty of the plaintiff to prove his claim and file it in the assignee's proceedings, so that if the stockholders pay the claim they may receive the dividend from the assignee.

We find no error in the record which should reverse the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.

ORTON, J.  I append this note to the opinion in this case to object to what in said opinion is clearly *obiter*. All that is said in it, and the construction of the statutes in relation to the same, in respect to actions against stockholders by *common* creditors, are not within the case. This is a statu-

tory action under sec. 1769, R. S., by laborers, servants, etc., against any stockholder of a corporation other than a railroad corporation, and the liability is absolute. Nor is the question whether it is necessary to make the corporation a party to such an action in the case, for the corporation was made a party to the action in this case.

