FLOUR CITY NAT. BANK *v.* WECHSELBERG *et al.*

(*Circuit Court, E. D. Wisconsin.* March 23, 1891.)

1. CORPORATIONS—STOCKHOLDERS' LIABILITY—PARTIES.
    In an action to enforce the personal liability of stockholders, under Rev. St. Wis. § 1773, for a corporate obligation contracted when one-half the capital stock had never been subscribed for, and 20 per cent. thereof had never been paid in, the company, though a proper, is not an indispensable, party.

2. SAME—ACTION AT LAW.
    The liability is primary and absolute, arising upon the creation of the obligation, and limited only by the debt contracted, and does not fall within the provision of Rev. St. Wis. § 3224, that the court, "when necessary," shall cause an account to be taken of debts due to and from the corporation, shall appoint a receiver, etc., but may be enforced by action at law.

3. SAME—PLEADING.
    A complaint in an action to enforce the personal liability of stockholders, which charges that defendants "were all of the stockholders" of the corporation, though possibly objectionable, on a motion to make more definite and certain, will not be held demurrable, as failing to charge that defendants were stockholders.

At Law.   On demurrer to complaint.
*Charles E. Shepard*, for plaintiff.
*Charles Quarles*, for defendants.

JENKINS, J.. The complaint charges that the defendants filed articles of incorporation under the laws of Wisconsin, in which the capital stock and the number of shares are stated, the corporators to compose the first board of directors; and they thereafter assumed to act as officers, and published and advertised the incorporation with themselves as officers and stockholders, and engaged in business. It further charges the execution by the defendants, in the name of the alleged corporation, of a certain promissory note, and its delivery for value to one other than a member, and now owned by the plaintiff; that at the time of its execution one-half of the stated capital stock of the company had not been and never has been subscribed for, and 20 per centum thereof had not and never has been paid in. The action is brought against the defendants to recover the note, pursuant to Rev. St. Wis. § 1773, which provides that no stock corporation "shall transact business with any other than its members until at least one-half of its capital shall have been duly subscribed, and at least 20 per centum thereof actually paid in; and, if any obligation shall be contracted in violation hereof, the corporation offending shall have no right of action thereon, but the stockholders then existing of such corporation shall be personally liable upon the same."

Sections 3223, 3224, Rev. St. Wis., provide as follows:

"Sec. 3223. Whenever any creditor of any corporation shall seek to charge the directors, trustees, or other officers or stockholders thereof, on account of any liability created by law, he may commence and maintain an action for that purpose in the circuit court, and may, at his election, join the corporation in such action.

"Sec. 3224. The court shall proceed therein as in other cases, and, when necessary, shall cause an account to be taken of the property and debts due to and from such corporation, and shall appoint one or more receivers, who shall possess all the powers conferred, and be subject to all the obligations imposed, on receivers by the provision of section three thousand two hundred and nineteen; but if, upon the filing of the answer or upon the taking of such account, it shall appear that the corporation is insolvent, and that it has no property or effects to satisfy such creditor, the court may proceed without appointing any receiver to ascertain the respective liabilities of such directors, trustees, or other officers and stockholders, and enforce the same by its judgment, as in other cases."

The demurrer proceeds upon the grounds (1) that the corporation is a needful party defendant; (2) that the liability can only be adjudged in equity; (3) that the statements of the complaint are insufficient to disclose liability, whether at law or in equity.

The first objection is clearly ill founded. The statute in express terms provides that the creditor may at his election join the corporation. The liability of the shareholder under section 1773 is primary and absolute, attaching upon the contracting of the debt by the corporation. *Coleman v. White*, 14 Wis. 700. It is limited only by the debt contracted by or in the name of the corporation, and, as to the creditor, is not affected by

presence or absence of assets in the corporation. It does not depend upon the continued existence or life of the corporation, but upon the fact that the indebtedness was incurred during its life. Having, by force of the statute, the election to omit, the creditor cannot be compelled to join the corporation liable upon the contract with the shareholder liable under the statute. The corporation may be joined and compelled to respond to its contract obligation. It is a proper party, at the election of the creditor. It is not an indispensable party to an action enforcing statutory liability of a shareholder. *Sleeper* v. *Goodwin*, 67 Wis. 577, 586, 31 N. W. Rep. 335.

The second objection is of more moment. It was ruled in *Bank* v. *Francklyn*, 120 U. S. 747, 7 Sup. Ct. Rep. 757, that when a state statute creating a liability provides a special remedy, such liability can be enforced in no other manner in the federal courts. It also goes without saying that the federal courts will follow the construction of a state statute declared by the supreme tribunal of the state, and that, failing such interpretation, the federal court may, as to the matter in hand, declare its meaning. It is essential, therefore, to inquire what construction has been placed by the supreme court of Wisconsin upon the statute providing remedies in cases of this character. That court has considered the statutes regulating proceedings against corporations in three classes of cases: (1) The personal liability of stockholders in a bank, (*Coleman* v. *White*, 14 Wis. 700; *Cleveland* v. *Bank*, 17 Wis. 545; *Bank* v. *Chandler*, 19 Wis. 437:) (2) the liability of stockholders for unpaid subscriptions to stock, (*Adler* v. *Brick Co.*, 13 Wis. 57; *Pierce* v. *Construction Co.*, 38 Wis. 253; *Powers* v. *Paper Co.*, 60 Wis. 23, 18 N. W. Rep. 20;) (3) the special liability of stockholders under Rev. St. 1878, § 1769, for the indebtedness of the corporation to laborers, etc., (*Sleeper* v. *Goodwin*, 67 Wis. 577, 31 N. W. Rep. 335.)

There is one feature common to the three classes of cases,—a community of interest in the avails of the litigation. The shareholder in a bank is liable for the debts of a bank to an amount equal to his holding. His liability is primary and absolute, but the amount realized is for distribution among the body of creditors. Likewise the liability of a stockholder for unpaid subscriptions to stock, while secondary and contingent upon failure of assets of the corporation to meet its obligations, is to the whole body of creditors, and can be enforced only for the benefit of all. So, also, the liability under section 1769, considered in *Sleeper* v. *Goodwin*, while primary and absolute, is measured, not by the debt, but by the amount of stock held by the shareholder. The fruit of liability is for distribution among all the creditors comprehended within the class specified in the section. In all these three classes of cases, as was demonstrated in *Coleman* v. *White*, upon general principles, the remedy at law was wholly inadequate. Equity only could deal with the distribution of the fund among creditors, and ascertain and determine their respective rights thereto. The court has held that equity was the only appropriate remedy to the three classes of cases stated, and that equitable proceedings were sanctioned by the statute under consideration. That

is the extent of its ruling. It did not undertake to decide—it had no occasion to decide—that the statute was exclusive as to the remedy, and limited to proceedings in equity, when the remedy at law was appropriate and complete. Mr. Justice TAYLOR in *Sleeper* v. *Goodwin* asserts in so many words that what had been said by the court theretofore, respecting the necessity of joining the corporation, may or may not be applicable to an action peculiar to only a part of the creditors. It is clear that the supreme court of Wisconsin has not determined that the statute provides an exclusive equitable remedy for all classes of cases. Failing such holding, this court may properly ascertain for itself, in respect of proceedings here, whether the statute contemplates such exclusive remedy. The statute (section 3223) authorizes the joinder of the corporation, at the election of the pursuing creditor. This does not permit the omission of the corporation when the liability of the shareholder is contingent and dependent, as in the second class of cases above referred to; for that would sanction the turning of a contingent and dependent into a primary and absolute liability, which could not have been, I think, within the intendment of the law. It merely sanctions the joinder or the omission of a corporation when it was liable on a contract for the amount of which, in whole or in part, the shareholder was liable under the statute. Section 3224 provides that, in actions brought to enforce the liability of the shareholder, the court shall proceed as in other cases, and, when necessary, may take an account of the debts due to and from such corporation, and may appoint a receiver. If the corporation be found insolvent and without effects, the court, without appointing a receiver, may proceed to ascertain the respective liability of directors, trustees, officers, and stockholders, and enforce such liability by judgment. These equitable proceedings clearly refer to cases where the liability of the shareholder is contingent and dependent, or when it is sought to wind up the affairs of the corporation. This is made clear by the following section, (3225,) providing in all such cases for the fair and just distribution of the property of the corporation among its creditors in the order prescribed. Proceedings to enforce a liability primary and absolute, and to the whole body of creditors, and limited by the amount of stock held, would perhaps be regulated by sections 3221 and 3223. Considering that the statute declares that the creditor, seeking to enforce the primary liability of a shareholder under the statute, could join the corporation or not, at his election, and that as to all proceedings against stockholders the court shall proceed therein as in other cases, it is clear to my mind that the legislature sought to provide a remedy at law, where remedy at law was appropriate, and proceeding in equity, when equity alone was sufficient to the case. I cannot assume that the legislature would be guilty of the monstrous absurdity of requiring the application of the complicated machinery of equitable remedies when a simple remedy at law would suffice. That would be impeachment of legislative wisdom. As I read the statute, it is elastic, providing remedies appropriate to all cases of liability by a shareholder,—a remedy at law for a legal demand, a remedy in equity for a right cognizable only

in a court of equity. The jurisdiction is concurrent both at law and in equity, according to the nature of the relief made necessary by the circumstances upon which the right arises. Mr. Justice TAYLOR declares in *Sleeper* v. *Goodwin*, with respect to the liability under section 1769, that there is no express statute which provides for the form of the remedy, and in such cases the court must determine the form. He also asserts that the sections here considered "do not declare what kind of action may be maintained by a creditor to enforce a statutory claim against a stockholder." If he be therein correct, the court should allow a remedy at law for a purely legal claim, and proceeding in equity only when a remedy at law is inadequate. *Hornor* v. *Henning*, 93 U. S. 228; *Patterson* v. *Lynde*, 106 U. S. 519, 1 Sup. Ct. Rep. 432; *Stone* v. *Chisolm*, 113 U. S. 302, 5 Sup. Ct. Rep. 497. The demand here is one of legal, not equitable, cognizance. The liability is not only primary and absolute, but attaches immediately upon the contracting of the debt by the corporation, maturing upon the maturity of the debt incurred. By the very terms of the statute, the liability is upon the stockholders existing at the time of the contracting of the debt. It does not involve those who may afterwards become interested. A transfer of stock would not acquit one of liability, nor transfer such liability to his successor in interest. So, also, liability is to the particular creditor, not to the body of creditors. It is measured by the amount of the debt, not by the amount the shareholder has at stake in the corporation. It is a separate liability to each individual creditor. Its enforcement is not postponed to the ascertainment of the assets of the corporation, nor dependent upon the winding up of its affairs, or the insufficiency of corporate assets. It consists with the continued life of the corporation. The shareholder, compelled to respond to the creditor for the debt of the corporation, may or may not have action over against the corporation. That is matter personal to the shareholder, with which the creditor is in no way concerned. Equity has here nothing to act upon. There is here no community of interest, no marshaling of assets, no distribution. The case involves no one subject of equity jurisdiction. It is a simple question of liability of one party to the other. The remedy at law is all-sufficient to the occasion. It is the one that should be pursued. *Kennedy* v. *Gibson*, 8 Wall. 498; *Casey* v. *Galli*, 94 U. S. 673; *Terry* v. *Little*, 101 U. S. 216; *Manufacturing Co.* v. *Bradley*, 105 U. S. 175.

The demurrer, lastly, objects that the complaint fails to charge that the defendants were stockholders. The pleading, thus attacked, in the fourth paragraph alleges that at the incurring of the indebtedness the defendants "were all of the stockholders" of the corporation. The allegation is not specific, and would possibly be held objectionable to a motion to make more definite and certain. The charge that the defendants were all the stockholders is necessarily an averment that they were stockholders. The statement is perhaps ill-contrived. It is, however, sufficient upon general demurrer, under the liberal construction of pleadings under the Code. The language should be interpreted in the sense intended, if it fairly admits of that construction. *Spence* v. *Spence*, 17

Wis. 462; *Hiles* v. *La Flesh*, 59 Wis. 465, 18 N. W. Rep. 435.    Possibly the liberality in the construction of pleading under the Code has been stretched beyond reasonable limits, and has tended to produce lack of precision in statement, and in orderly arrangement of the facts.    But the remedy is foreign to this court.

The question argued at the bar of the personal liability of the corporators failing, any subscription to stock has not been considered.    It does not directly arise upon the pleading.    The complaint proceeds upon the postulate that there is liability under the statute and for the causes therein provided.    It treats the defendants as shareholders, and avers no failure of stock subscription.    The demurrer will be overruled.